(42 App. Div. 166.)

### DEFENDORF v. DEFENDORF et al.

(Supreme Court, Appellate Division, First Department.   June 30, 1899.)

1. PARTITION—ADDITIONAL ALLOWANCE.
    In an action in partition, where all the defendants except one interpose answers uniting in the prayer of the complaint, and the one not so uniting merely alleges that one of the defendants is indebted to him, no defense to the action is interposed, within the meaning of Code Civ. Proc. § 3253, subd. 2, as amended by Laws 1898, c. 61, providing that, where a defense is interposed, a sum not exceeding 5 per cent. of the value of the subject-matter involved may be allowed the parties, and no greater allowance than $200, as fixed by subdivision 1 of the section, can be made.

2. CONSTITUTIONAL LAW—AMENDMENT OF LAW OF COSTS AND ALLOWANCES.
    Parties have no vested rights in costs or allowances, and, where an amendment of the law limiting the amount to be allowed goes into effect after the action is commenced, it will be controlling.

Appeal from special term, New York county.

Action by Mary Defendorf against Wilson L. Defendorf and others for partition of real estate.   From an order denying a motion for additional allowances (57 N. Y. Supp. 843), both parties appeal.   Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

W. I. Kane, for plaintiff.

Armour C. Anderson, for defendants.

O'BRIEN, J.   The learned judge below, satisfied that, upon the merits, the motion should have been granted, denied it for want of power; and, upon the facts presented, the sole question on this appeal is whether his construction of section 3253 of the Code of Civil Procedure, as amended in 1898 (Laws 1898, c. 61), was right.   This was an action in partition, and the complaint, in specifying the rights and interests of the parties in the property, alleged, among other things, "that the defendant Wilson L. Defendorf, or the defendant Joshua Kantrowitz, is the owner in fee, as tenant in common, of one equal undivided one-sixth part thereof."   The defendant Defendorf did not answer, but Kantrowitz did, claiming that interest under a deed to him from Defendorf.   One of the other defendants, Matilda Cleland, assailed the validity of this deed, asserting that it was made in fraud of creditors, and that Defendorf, while holding title in his own name, collected rents which belonged to her, and which she demanded should be accounted for in this action.

Section 3253 of the Code of Civil Procedure, as amended in 1898, provides for allowances as follows:

"(1) In an action to foreclose a mortgage or for the partition of real property a sum not exceeding  *  *  *  the aggregate sum of two hundred dollars. (2) In any action  *  *  *  where a defense has been interposed. a sum not exceeding five per centum upon the sum recovered or claimed or the value of the subject-matter involved."

It will thus be seen that a sum greater than $200 cannot be granted in a partition suit unless a defense has been interposed; and the only question here is whether, by the answer of one defendant which dis-

putes the title of another defendant, there is presented "a defense," within the meaning of the Code of Civil Procedure, making this an exceptional case, where more than $200 can be allowed. We think that the learned judge below correctly disposed of this question in saying:

"All of the defendants interposed answers uniting in the prayer of the complaint, so that it cannot fairly be said that any defense was interposed in the action. One of the defendants made allegations that a co-defendant was indebted to her, but the issue thus raised tended in no way to defeat, in whole or in part, the relief sought by the plaintiff, and cannot be deemed to be a defense."

The amendment of 1898 went into effect September 1, 1898, after this action was commenced, but there is no force in the suggestion that for that reason the amendment is not controlling. Parties have no vested rights in costs or allowances, which are always within the power of the legislature to modify or change, and, in every case, the amount is to be determined by the law as it stands when the right to the costs or allowance accrues. Here the property sold for over $100,000, and, considering the labor entailed, the amount of the allowance to which the court was limited, namely, $200,—all of which was given to the plaintiff, and nothing to the defendants,—was inadequate. There has seemingly been an effort on the part of the legislature to remedy such a state of affairs by the amendment to section 3253 of the Code of Civil Procedure, made by chapter 299 of the Laws of 1899; which amendment, however, will not take effect till September 1, 1899, too late for the parties in this action to derive any benefit therefrom.

The order appealed from must therefore be affirmed, and, as both parties appeal, it should be without costs. All concur.