(64 App. Div. 554.)

### CROSSMAN v. WYCKOFF et al.

(Supreme Court, Appellate Division, Second Department.   October 24, 1901.)

PARTITION—ALLOWANCE TO DEFENDANT—STATUTE.
    Code Civ. Proc. § 3253, providing that in an action for partition the court may, in its discretion, award to any party a sum not exceeding 5 per centum on the value of the subject-matter, authorizes such allowance to be made to a defendant in partition.

Appeal from special term, Kings county.

Action by Joanna E. Crossman against Abraham J. Wyckoff and others.   From a decree refusing to grant an extra allowance to defendants, they appeal.   Reversed.

See 52 N. Y. Supp. 314.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and SEWELL, JJ.

Adolph Kiendl (Charles B. Law, on the brief), for appellants.
Willard N. Baylis, for respondent.

JENKS, J.   The statute provides in so many words that in an action brought for the partition of real property the court may, in its discretion, award to any party a sum not exceeding 5 per centum upon the value of the subject-matter involved.   Section 3253, Code Civ. Proc.   If there could be any doubt raised by the expression "any party," it is dissipated by the section immediately following:

"But all the sums awarded to the plaintiff as prescribed in section 3252 of this act, or to a party or two or more parties on the same side, as prescribed * * * in subdivision second of the last section, cannot exceed, in the aggregate, two thousand dollars."

A suit which ripens into judgment of actual partition is, of course, an action for partition; indeed, it is the sale that is decreed, if it appear that a partition cannot be made.   Section 1532, Id.   I think it is plain, then, that section 3253 expressly authorizes an allowance to a defendant in actual partition, unless that power be nullified by other statutory provisions.   I can find no express limitation upon this section.   Indeed, the argument advanced against such authority is based only upon a construction of this section with other sections of the Code.   I am not impressed by the contention that, inasmuch as section 3261 provides that the article does not affect any provision contained elsewhere in the act whereby the amount of costs is specially fixed otherwise than as prescribed in the article, therefore sections 1559 and 1579 exclude the power to award an allowance to the defendant in a suit for actual partition.   It is enough to say that neither of these two sections "specially fixes" the amount of costs in an action for partition, but both are provisions in furtherance of the collection or the payment of costs.   But the said section 1559 is the basis for a different argument, which deserves more serious consideration, partly because it is supposed to have the authority of Weed v. Paine, 31 Hun, 10, behind it.   In that case, Daniels, J.,

referring to an allowance to parties on each side in a partition suit, says:

"If actual partition of property is made, that may be the subject of serious doubt. Code, § 1559."

But examination of the case shows that the question was not before the court; and, indeed, the learned judge, in the sentence immediately preceding the one quoted, says that the question of permitting an allowance to parties on each side "is not a matter now required to be determined." So the expression is avowedly obiter, and has but the weight of an obiter doubt expressed by a most learned and able judge. Section 1559 does not purport to confer power, or to limit power conferred by section 3253 or by any other section. It is not a statute of authority, but one in furtherance, which relates to the plaintiff alone. There is nothing in its terms which indicates any intention to limit the full force of section 3253. Necessarily, then, the proposition is that omission to make provision for the defendant in this statute of furtherance excludes from the scope of the statute of authority a case absolutely within its express and explicit terms. I know of no canon of construction which would warrant such a conclusion.

In addition to Weed v. Paine, supra, the learned counsel for the appellant cites Davis v. Davis, 3 N. Y. St. Rep. 163; Sprague v. Engelbrecht, 29 Misc. Rep. 464, 61 N. Y. Supp. 952; Gray v. Hudson (Queens County, Special Term; Feb., 1900); and 1 Fiero, Spec. Act, (2d Ed.) p. 253. Davis v. Davis, supra, is a decision of the special term of the Fourth department, made in 1886, upon an application for final judgment in partition, whereat the plaintiff insisted that the defendant was not entitled to costs, and the learned trial justice said that he could find no authority for charging the defendant's costs against the plaintiff. Sprague v. Engelbrecht, supra, is a special term decision in this department, made in 1897, and the learned justice only said that, as he construed the case [cases?] he was not permitted to award costs and an allowance to defendant in actual partition. The decision in Gray v. Hudson, supra, is contained in a memorandum stating that the court thought it had no power, citing only Weed v. Paine, supra. All that is said in Mr. Fiero's work is:

"It seems it [an allowance] might be made where a sale is had, but not where an actual partition is made. Weed v. Paine, 31 Hun, 10."

Weed v. Paine is also reported in 13 Abb. N. C. 200, and the learned reporter, Dr. Austin Abbott, marks with an asterisk the obiter doubt of Daniels, J., which I have quoted, and appends this note:

"I respectfully submit that this doubt is not well founded. Section 1559 is the same as section 72 of the title of the Revised Statutes on partition, and it was the practice under the Revised Statutes, in cases of actual partition, to give costs to the defendants as well as the plaintiffs, as is shown by the case of Tibbits v. Tibbits, 7 Paige, 204, decided by Chancellor Walworth in 1838."

And here I may further note, as of some significance, that subsequent to the decision in Weed v. Paine, supra, the legislature has

amended the second subdivision of section 3253 of the Code. It formerly read:

"(2) In any other case specified in this section, a sum not exceeding five per centum upon the sum recovered or claimed, or the value of the subject-matter involved."

It now reads:

"(2) In any action or special proceeding specified in this section, where a defense has been interposed, or in an action for the partition of real property, a sum not exceeding five per centum upon the sum recovered or claimed, or the value of the subject-matter involved."

The decision of the chancellor in Tibbits v. Tibbits, supra, which is authority to sustain our view of this case, was made notwithstanding that section 72 of the Revised Statutes was then in force, and was essentially the same as section 1559 of the Code of Civil Procedure, and, indeed, is the basis of it. Chittenden v. Gates, 25 App. Div. 623, 49 N. Y. Supp. 1133, is directly in point. In that case of actual partition, the learned trial justice—Gaynor, J.—granted costs and an allowance to the defendant. The plaintiff raised the question of power in his appeal, and examination of his points shows that the question was argued before our court. The learned counsel for the respondent seeks to discriminate Chittenden v. Gates upon the ground that a defense had been interposed, and contends that the allowance in that case was made and approved under section 3253 of the Code because the action was difficult and extraordinary, or a defense had been interposed, and not because the action was in partition. I can find no warrant for this contention. On the contrary, the brief of the appellant in that case shows that the allowance was made on the ground that the action was in partition, and the power of the court was directly attacked on the supposed authority of Weed v. Paine, supra, and on the force of section 1559 of the Code of Civil Procedure. 101 App. Div. Cas. Law Library, Brooklyn, pp. 10, 44–46, of appellant's printed points.

The learned counsel for the respondent makes the further point that no defense was interposed, and cites Defendorf v. Defendorf, 42 App. Div. 167, 59 N. Y. Supp. 163, which, however, is of no authority in this case, for the reason that the decision was made upon section 3253 prior to the amendment by chapter 299, Laws 1899. Prior to that amendment, subdivision 2 thereof read:

"In any other case, specified in this section, a sum not exceeding five per centum upon the sum recovered or claimed, or the value of the subject-matter involved."

Subsequent to amendment it reads:

"In any act or special proceeding specified in this section, where a defense has been interposed, or in an action for the partition of real property, a sum not exceeding five per centum upon the sum recovered or claimed, or the value of the subject-matter involved."

It appears by the opinion, to which we may refer (Bryant v. Allen, 54 App. Div. 500, 504, 67 N. Y. Supp. 89), that the learned special term denied the motion upon the ground of lack of power. As we conclude that the power did exist, the judgment should be reversed,

and the application remitted to the special term; but, under the circumstances, we think that neither costs nor disbursements should be granted upon this appeal. All concur.