STORY v. LUTKINS et al.

(Supreme Court, Special Term, Kings County. May 7, 1912.)

1. PARTITION (§ 114*)—FEES AND COSTS—PARTIES ENTITLED.
    Where actual partition is made, defendant may obtain costs and allowances as well as plaintiff.
    [Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 440–449; Dec. Dig. § 114.*]

2. PARTITION (§ 114*)—FEES AND COSTS—EXTRA ALLOWANCES.
    Where plaintiff in partition in which actual partition is made is given an extra allowance of $1,000, and defendant an extra allowance of $500, the plaintiff's share is to be charged with $750 and defendant's share with an equal amount, so that the defendant must contribute $250 to plaintiff's allowance.
    [Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 440–449; Dec. Dig. § 114.*]

3. PARTITION (§ 114*)—FEES AND COSTS—PERSONS AND PROPERTY LIABLE.
    Where actual partition is made, all the taxable costs and allowances must be first deducted from the rents and income of the property, and then divided equally between the plaintiff and defendant, which is the same as compelling each party to pay his proportionate share of the costs and allowances.
    [Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 440–449; Dec. Dig. § 114.*]

Partition between Margarita Story and Theodore L. Lutkins and others. On application of both parties, additional allowances made, and, together with all the taxable costs, apportioned between the parties.

William B. Hurd, Jr., for plaintiff.
George Tiffany, for guardian ad litem.
Harry S. Stewart, for defendant Lutkins.
S. M. & D. E. Meeker, for defendant Williamsburgh Savings Bank.
McKeen, Brewster & Morgan, for defendant Franklin Trust Co.

CRANE, J. This question arises over the costs and allowances and the payment thereof in a case of actual partition. The property affected by this suit has been divided equally between the plaintiff and the defendant by an actual partition thereof, and the plaintiff's counsel now asks for an additional allowance, and that one-half thereof be made a lien upon the defendant's property. He, however, opposes the application of the defendant for an additional allowance, and that it be made a lien upon the plaintiff's property. He insists that, if the defendant be made an allowance, it must be payable out of the defendant's property.

[1] That the defendant may obtain costs and allowance as well as the plaintiff is decided in Warren v. Warren, 203 N. Y. 250, 96 N. E. 417. That a 5 per cent. allowance for a defendant is to be figured upon the value of the defendant's interest is not to say that it must be paid solely out of the defendant's interest. See, also, Crossman v. Wyckoff, 64 App. Div. 554–557, 72 N. Y. Supp. 337.

The practice in cases of this kind has been stated in Tibbits v. Tibbits, 7 Paige, 204, where the chancellor decided:

"In a case of actual partition, the costs of the complainant and of all the defendants who had appeared in the cause were to be taxed as between party and party, and the aggregate amount of the several bills of costs as taxed was then to be apportioned between the complainant and the other parties, according to their respective rights and interests in he premises as ascertained and settled by the decree, and that the final decree should also direct that the several parties entitled to such costs have execution therefor according to the course and practice of the court in such cases, to wit, that the several parties whose taxed bills of costs and expenses should exceed the amount of their respective rateable proportions of the whole costs in the suit should have execution for such excess against the other parties, respectively, for the amount which the several taxed bills of such other parties were less than the amount of their several proportions of the whole costs in the suit."

The chancellor also allowed the guardians to be paid their rateable proportions out of the rents and profits.

[2] I shall allow the plaintiff an extra allowance of $1,000, the defendant an extra allowance of $500, which according to this rule of the chancellor's means that the plaintiff's share shall be charged with $750 and the defendant's share with $750, or, in other words, that the defendant's share shall contribute $250 to the plaintiff's allowance.

[3] But this rule also applies to all of the taxable costs and allowances. The aggregate sum thereof must be divided equally between the plaintiff and the defendant, and the decree herein must so provide. This is in accordance with the rule which is applied under section 1579 of the Code of Civil Procedure when there has been an actual sale of the property. The costs and expenses are first deducted before there is a division among the parties, which is the same thing as compelling each party to pay his proportionate share of the costs, allowances, and disbursements. The decree herein may provide that the rents and income from the infant defendant's property be applied to the payment of one-half of this total of all costs, allowances, and disbursements.

Let the decree be prepared and submitted in accordance with this decision.