## MURRAY v. HAYS et al.

No. 3083. Decided December 5, 1917. (169 Pac. 264.)

1. PARTITION—ATTORNEY'S FEES—POWER TO ALLOW. Under Comp. Laws 1907, section 3566, providing that the costs of partition, including reasonable counsel fees expended by either party for the common benefit, and other disbursements, must be paid by the parties respectively entitled to share in the lands divided in proportion to their respective interests, and may be included and specified in the judgment, and in such case shall be a lien on the several shares, the court, in a partition suit, may allow counsel fees to plaintiff, provided the fees are reasonable and the services rendered are such as are necessary and for the common benefit of all parties interested in the premises, and may tax a proper part thereof against the part of the fund belonging to defendants. (Page 214.)

2. APPEAL AND ERROR—REVIEW—ALLOWANCE OF COUNSEL FEES. What sum would constitute a reasonable attorney's fee to the plaintiff, in a partition suit, was a question of fact, and where the opinions of leading attorneys differed as to the amount, which would constitute a reasonable fee, and there was substantial evidence to support the court's finding, it would not be disturbed, especially as the court had before it the entire record, and was familiar with the services rendered, and better able to determine the necessity and value of such services, and whether they were for the benefit of all parties than the Supreme Court. (Page 215.)

3. PARTITION—ATTORNEY'S FEES—ALLOWANCE. It is the duty of counsel for a party to a partition suit to see that the property when sold brings as high a price as can possibly be obtained, and where an attorney renders services and gives advice, resulting in a higher price being obtained than would otherwise be obtained, he is entitled to have the court consider such services in determining the amount of attorney's fees to be allowed. (Page 215.)

4. PARTITION—ATTORNEY'S FEES—ALLOWANCE. Unless the services rendered by counsel for defendants in a partition suit assist in some way to insure the buyer a better title or to obtain more for the property than would otherwise be obtained, defendants are not necessarily entitled tn any counsel fees. (Page 215.)

'Appeal from District Court of Salt Lake County, Third District; *Hon. Geo. G. Armstrong,* Judge.

Action by James A. Murray against Stephen Hays, Mary Hays and the Phelan Fund.

From an order fixing and allowing counsel fees, the defendants Hays appeal.

AFFIRMED.

*Booth, Lee, Badger & Rich* for appellants.

*Harry Robinson* and *E. O. Leatherwood* for respondent.

GIDEON, J.

On May 17, 1915, James A. Murray brought an action in the district court of Salt Lake County against Stephen Hays and Mary A. Hays, his wife, and the Phelan Fund, a corporation, to partition certain premises jointly owned by such parties and having a frontage of 46½ feet on Main Street in Salt Lake City. It is alleged that the plaintiff, Murray, owned an undivided one-half interest and Hays and the Phelan Fund an undivided one-fourth interest each in said premises. Such ownership is admitted by the pleadings, and at no time was there any issue as to the respective interests of the parties in the property. The defendants Hays and wife employed separate counsel, as did also the Phelan Fund. Separate answers were filed in which it was pointed out that Mary H. Murray, wife of the plaintiff, and Matilda T. Murray, wife of a former owner of the premises, were necessary parties to the action. As a result of such allegations in the answers the plaintiff procured a release and disclaimer of all interest in the premises by both Mary H. and Matilda T. Murray. The defendants interposed an additional defense that prior to the bringing of the action another suit for the partition of the property had been instituted, and that while such action

was pending the owners of the premises (plaintiff and defendants here) had entered into an agreement that no partition of the property should be had until July 1, 1919, at which date a lease then existing on the premises and running to the National Bank of the Republic would terminate. An amended complaint was filed, and such preceedings were had that after the matter had been pending in court some 18 months the premises were, on the 28th day of September, 1916, sold to one Thomas Kearns for the sum of $350,000. After confirmation of such sale by the district court plaintiff filed his petition asking for an order or judgment fixing the amount of counsel fees to be allowed him and praying that the same should be paid out of the general fund then in the hands of the referee and master of sale, and that said amount should be made a lien on said fund in favor of the plaintiff. The petition sets out in detail the institution of the suit and all the proceedings had therein during its pendency, including negotiations had among the several parties interested relating to the value of the premises, procuring of purchasers, etc. The defendants filed separate demurrers to the petition, which demurrers were overruled. Thereafter answers were filed denying plaintiff's right to counsel fees and also denying the power of the court to allow any amount to plaintiff as and for counsel fees.

A hearing was had at the conclusion of which the court made an order fixing the entire amount of counsel fees to be allowed at $10,000, and directing that $8,000 of that sum should be paid to plaintiff, and $1,000 to Hays and wife, and $1,000 to the Phelan Fund. From that order Hays and wife bring the matter to this court on appeal.

Many errors are assigned. Appellants, however, chiefly contend: (1) That the court had no power to allow counsel fees to the plaintiff; (2) assuming that the court had such power, it was without authority to tax any part of the amount allowed plaintiff against that portion of the fund belonging to appellants; and (3) that in any event the order adjudging that plaintiff should receive $8,000 is not warranted by the evidence and record in this case.

The determination of the issues involved necessitates a construction of Comp. Laws 1907, section 3566, relating to apportionment of costs in partition proceedings. That section reads:

"The costs of partition, including reasonable counsel fees expended by the plaintiff or either of the defendants for the common benefit, fees of referees, and other disbursements, must be paid by the parties respectively entitled to share in the lands divided, in proportion to their respective interests therein, and may be included and specified in the judgment. In that case there shall be a lien on the several shares, and the judgment may be enforced by execution against such shares, and against other property held by the respective parties. When, however, litigation arises between some of the parties only, the court may require the expenses of such litigation to be paid by the parties thereto, or any of them."

But little can or need be said in addition to the language found in that section to determine what powers are given the court in apportioning the costs incurred in partition proceedings. The language used distinctly states that the costs, including reasonable counsel fees, expended by plaintiff or either of the defendants for the common benefit, must be paid by the parties entitled to share in the partition. Two things are to guide the court in determining the allowance of fees and the amounts thereof: (a) The fees must be reasonable; (b) the services rendered must have been necessary and for the common benefit, that is, for the benefit of all parties interested in the premises to be partitioned. That section is taken verbatim from the California Code, and such has been the holding of the Supreme Court of that state regarding the authority of the courts to apportion and fix fees in partition actions. In fact, the court seems to accept that construction as a self-evident proposition, and proceeds to apply it without discussing the meaning or intent of the language used in the statute. *Watson* v. *Sutro*, 103 Cal. 169, 37 Pac. 201. A similar statute exists in New York, and a like holding has been made by the courts of that state.

*Warren* v. *Warren,* 203 N. Y. 250, 96 N. E. 417; *Story* v. *Lutkins* et al., 77 Misc. Rep. 17, 135 N. Y. Supp. 118.

The contention of appellants that the court was without authority to allow plaintiff any counsel fees therefore must fail.

The further contention on the part of appellants that, though the court was authorized to fix and allow plaintiff counsel fees, it was without authority to tax any part of the amount against that part of the fund in the hands of the referee and master of sale belonging to the appellants is answered contrary to that contention by the statute and the cases cited above.

We have now to consider the further contention that the fees allowed are exorbitant, and that the amount awarded plaintiff is excessive under the facts and circumstances as disclosed by the record in this appeal. What sum would constitute a reasonable fee was a question of fact. **2, 3, 4** Where there is·a conflict in the testimony as to such sum, the conclusion of the trial court will not be disturbed, unless clearly opposed to the weight of the evidence. At the hearing a number of leading lawyers, both on behalf of respondent and appellants, gave the court their opinions under oath as to what, in their judgment, would be a reasonable fee for the services rendered by plaintiff's counsel. The attorneys testifying, as might well be expected, differed as to the amount which, in their judgments, would constitute a reasonable fee. Upon that conflicting testimony we would not be justified should we hold that the finding of the trial court is not supported by or is in conflict with the weight of the evidence. As above stated, the litigation was in the courts something like eighteen months. There was testimony offered by plaintiff's counsel as to the services rendered by him, including negotiations with the different parties in interest as to the consideration or price to be obtained for the property, procuring bidders, and also as to whether the property could be partitioned without sale. Plaintiff's counsel was permitted to testify respecting services and advice given by him which resulted, as he contends, in procuring a much higher price for the

property than the sum for which it had been appraised, the excess being practically $95,000, all of which, it is contended on his part, was for the common benefit, and as such was proper evidence to be considered by the court in determining the amount of counsel fees to be allowed plaintiff in the action. It is contended on the part of appellants that the court had no right to consider such testimony in determining the fee or the apportionment of the same, and that the court should consider only such services as were directly connected with the proceedings in court. It is undoubtedly the duty of counsel to see that property in partition proceedings when sold brings as high a price as possibly can be obtained, and an attorney representing any party owning an interest in such property should, we think, have the right to have the court consider all services rendered by him in the determination of what his fees shall be. All of the parties are unquestionably interested in the amount received for the premises in partition proceedings and any increase in the amount obtained is for the common benefit. Of necessity plaintiff's counsel has the "laboring oar" in partition proceedings. He is required to prepare the complaint so as to protect the interests of all the parties owning any part of the premises in question, and unless it can be shown that the services rendered by counsel for defendants assisted in some way to insure the buyer a better title, or that by some act on the part of such counsel more was obtained for the premises than otherwise would or could have been obtained and to that extent such services were for the common benefit, defendants are not necessarily entitled to any counsel fees. It appears in this action that the defendants Hays and wife employed counsel, and that the defendant Phelan Fund also employed counsel, and that such counsel, in answering, alleged certain defects in the complaint by the omission of parties, and that thereafter such defects were cured by plaintiff and an amended complaint filed. To that extent such services on the part of counsel for defendants were beneficial to all parties interested. The court evidently recognized that fact because in its judgment it decreed that the total counsel fees be fixed at $10,000, and that $2,000 should

be paid to the counsel representing defendants. The court found that the services rendered by counsel for defendants were of the reasonable value of $2,000 and were for the benefit of all the parties interested. The further finding was made that the services of plaintiff's counsel were reasonably worth the sum of $8,000, and that his services were for the common benefit. As stated, there is substantial evidence in the record to support the court's findings, and therefore we do not feel called upon to disturb them. In addition to the testimony here in support of and against plaintiff's petition in this proceeding, the court had before it the entire record of the whole case, and of necessity was familiar with the services rendered by counsel for the respective parties, and was therefore better able to determine the necessity and value of such services and whether or not such services were for the benefit of all the parties interested in the property than are we.

Many cases are referred to by appellants from courts holding contrary to the rulings indicated here. An examination of those cases will disclose that the statutes under which the decisions therein were rendered are not at all similar to ours. Numerous cases are cited, for instance, from the Illinois Court of Appeals holding that, when defendants have appeared and filed answers in partition proceedings stating a substantial defense, no part of plaintiff's counsel fees should be taxed against the fund or property of the defendants. Such holdings follow the statute of that state, but are not controlling under a statute such as section 3566, supra.

For the reasons stated, the judgment of the lower court is affirmed. Respondent to recover costs.

FRICK, C. J., and McCARTY, CORFMAN, and THURMAN, JJ., concur.