Lionel Klein, an Infant under the Age of Fourteen Years, by Alfred Klein, His Guardian ad Litem, Appellant, *v.* City of New York, Respondent.

Alfred Klein, Appellant, *v.* City of New York, Respondent.

First Department, February 26, 1932.

*Julius Wolfson* of counsel [*Max J. Merbaum* with him on the brief; *Alfred Mann*, attorney], for the appellants.

*Milton I. Hauser* of counsel [*John A. Leddy* and *J. Joseph Lilly* with him on the brief; *Arthur J. W. Hilly, Corporation Counsel*], for the respondent.

Townley, J. These two actions, commenced May 17, 1926, and tried together, were brought to recover damages resulting from the negligence of the defendant. The infant plaintiff recovered a verdict for $1,000 and the father of the plaintiff recovered a verdict for $250 for loss of services. The cases were tried in 1931. The venue of each cause of action was laid in the Supreme Court,

Bronx county. On the objection of the defendant, the clerk disallowed the bills of costs and the Special Term denied plaintiffs' motions for an order directing the clerk to tax a full bill of costs in favor of each plaintiff.

Defendant's objection to the allowance of the bill of costs is based on subdivision 1 of section 1474 of the Civil Practice Act, which reads as follows: " The plaintiff shall recover no costs or disbursements:

" 1. In an action brought in the Supreme Court triable in any county in the city of New York, which could have been brought, except for the amount claimed therein, in the City Court of the City of New York, and in which the defendant shall have been served with process within the city of New York, unless he shall recover two thousand dollars or more." (As amd. by Laws of 1926, chap. 459, in effect January 1, 1927.)

Respondent's position is that costs are determined by the law in force regulating them at the time of judgment. (See *Dreyer* v. *Shapiro*, 143 Misc. 170, CROPSEY, J., and cases there cited.) It is argued that since plaintiffs could have begun their actions in the City Court at the time of judgment, they are not entitled to the costs which naturally attach to a judgment in the Supreme Court. The vice of respondent's argument comes from a failure to distinguish between the rule of law to be applied when costs have been changed during the course of litigation and the rule applicable when, after a litigation has been properly started in the Supreme Court, the jurisdiction of an inferior court is extended to embrace actions theretofore barred.

At the time plaintiffs' actions were brought it had been held that the City Court of New York had no jurisdiction against the city of New York. (*O'Connor* v. *City of New York*, 120 App. Div. 875; affd., 191 N. Y. 238; *Gaines* v. *City of New York*, 156 App. Div. 789.) This was changed by the act, in effect January 1, 1927, based on the constitutional amendment, which made the City Court a constitutional court. (New York City Court Act [Laws of 1926, chap. 539], §§ 16, 48, subd. 4.) Thus at the time the actions were brought, they could not have been brought in the City Court. The creation of an inferior court or the enlargement of its jurisdiction has no connection with litigation then properly pending in the Supreme Court, and whatever costs are provided at the time of judgment for the Supreme Court apply to all cases properly commenced therein.

It is urged that at least the action for loss of services could have been brought in the Municipal Court. It is a sufficient answer that, as subdivisions 1 and 2 of section 1474 of the Civil Practice Act now

read, there is no statutory penalty for suing in the Supreme Court when one could, except for the sum demanded, have sued in the Municipal Court, unless such Municipal Court suit could also have been brought in the City Court. No provision has been made for the class of actions over which, prior to 1927, the City Court had no jurisdiction. If subdivision 2 of section 1474 of the Civil Practice Act as it read in 1926 is to be considered, the plaintiff recovered the minimum amount therein mentioned, $250, and is entitled to a full bill of costs under that section.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted.

FINCH, P. J., MCAVOY, MARTIN and O'MALLEY, JJ., concur.

In each case: Order reversed, with ten dollars costs and disbursements, and motion granted.