PHILIP DAVIS, Plaintiff, *v.* KARL PECHTER, Defendant.

Supreme Court, Special Term, Queens County, May 19, 1954.

534

*Stanford Schwartz* for plaintiff.

*Maxwell V. Lovins* and *Sam S. Seitz* for defendant.

HALLINAN, J. Motion by plaintiff for an order directing the County Clerk to accept for entry a bill of costs and to modify the judgment heretofore entered to include such costs.

This action to recover for legal services rendered to the wife of the defendant was commenced in 1949. On March 19, 1954, a judgment was entered in favor of the plaintiff in the sum of $2,178.75 plus interest in the sum of $400.37, for a total sum of $2,579.12.

The question is whether plaintiff is entitled to recover costs and disbursements.

The applicable statutory provision is section 1474 of the Civil Practice Act, which provides in pertinent part as follows: " The plaintiff shall recover no costs or disbursements: 1. In an action brought in the supreme court, triable in any county in the city of New York, which could have been brought, except for the amount claimed therein, in the city court of the city of New York, unless he shall recover *four* thousand dollars or more."

Prior to its amendment by chapter 430 of the Laws of 1952 (eff. Sept. 1), the amount required to be recovered in order to entitle plaintiff to costs and disbursements was $2,000. The increase to $4,000 was recommended by the New York Judicial Council (Seventeenth Annual Report, 1951, pp. 53-54), as ancillary to its recommendation to increase the monetary jurisdiction of the City Court to $6,000. **Plaintiff** contends that

since the $2,000 minimum was in effect when this action was commenced it controls the recovery of costs herein.

As reasonable as plaintiff's contention may seem, the law is otherwise. In *Dreyer* v. *Shapiro* (143 Misc. 170), Mr. Justice CROPSEY held that a plaintiff who recovered less than $2,000 at a time when the statutory minimum was $2,000 was not entitled to costs although at the time the action was instituted the statutory minimum was $500. Here, as there, the amendment does not speak of pending actions. '' It, therefore, applies to all actions and speaks as of the time when judgment may be entered.'' (*Dreyer* v. *Shapiro, supra*; see, also, Note, 96 A. L. R. 1428–1429, 1435–1437.) The holding of the *Dreyer* case was not weakened by *Klein* v. *City of New York* (234 App. Div. 455), where the First Department, after referring to the *Dreyer* case, distinguished it from the case before it in the following language (p. 456): '' The vice of respondent's argument comes from a failure to distinguish between the rule of law to be applied when costs have been changed during the course of litigation and the rule applicable when, after a litigation has been properly started in the Supreme Court, the jurisdiction of an inferior court is extended to embrace actions theretofore barred.''

Except for the amount claimed, the City Court had jurisdiction of this action at the time it was commenced, thus distinguishing this case from the *Klein* case in which, at the time the action was brought, the City Court had no jurisdiction over actions against the City of New York. The circumstance that the monetary jurisdiction of the City Court was increased after this action was commenced is of no moment since the amount recovered, not the amount claimed, determines whether costs are recoverable. (*Sauner* v. *Vohwinkle,* 124 Misc. 494.)

The motion is accordingly denied.

Submit order.