Wilfred A. Waltemade, J.
This is a motion by the defendant, Yeshiva University, for an order striking out the bill of costs in the sum of $188.75 as taxed in favor of the plaintiff and against the defendant on March 23, 1963 by the Clerk of this court. The jury had on January 16, 1963 rendered a verdict of $5,000 in favor of plaintiff after a trial in this court.
The right to costs is governed by the statute, which is in effect when the right to costs accrues and is not controlled by the law in effect when the action is begun (Lord & Taylor v. St. John, 37 Misc 2d 350; Reisner v. 749 Broadway Realty Corp., 207 Misc. 76; Defendorf v. Defendorf, 42 App. Div. 166).
Section 1474 of the Civil Practice Act (as amd. by L. 1962, oh. 695) provides:
1‘ The plaintiff shall recover no costs or disbursements:
“1. In an action brought in the supreme court, triable in any county in the city of New York, which could have been brought, except for the amount claimed therein, in the civil court of the city of New York, unless he shall recover six thousand dollars or more.”
The amendment substituted the word ‘1 civil ’ ’ for the word “ city ” and the word “ six ” for the word “ four ”. The section as amended did not except pending actions. Without such exception, it must apply to all actions coming thereunder and speaks of the time when the judgment may be entered (Lord & Taylor v. St. John, supra).
In opposing this motion, plaintiff relies upon the ease of Montefiore Hosp. v. Schifren (N. Y. L. J., Dec. 26, 1962, p. 10, col. 3): In that case the Clerk of the court refused to tax costs in accordance with the provisions of subdivision 1 of section 1474 of the Civil Practice Act. The court in granting a motion directing the taxation of costs said: “ It appears, however, that at the time this action was brought, there was no Civil Court in existence, and the jurisdictional limitation on the predecessor courts did not permit the action to be instituted in any other forum but this.”
The factual situation in the Montefiore Hosp. case differs from the facts in the case at bar. In the Montefiore Eosp. case the defendant was a resident of Westchester County and was served with the summons and complaint in that county. Therefore under the law as it existed prior to September 1,1962, the ‘ ‘ jurisdictional limitation” of the predecessor courts precluded the commencement of the action in such courts (N. Y. City Ct. Act, *443 § 27; N. Y. City Mun. Ct. Code, § 14). In the case at bar, both the plaintiff and defendants were residents of the City of New York at the time the action was commenced. “ [Ejxcept for the amount claimed ’ ’, this action could have been brought in either the City Court of the City of New York or the Municipal Court of the City of New York.
The principle of law as enunciated in the Montefiore Hosp. case is not applicable to the facts in the case at bar.
The motion is therefore granted.