Harold Tessler, J.
This is an application to compel the Clerk of this court (a) to amend a judgment heretofore entered in favor of both plaintiffs to include therein an allowance for *711 costs and disbursements to the infant and (b) to accept the infant plaintiff’s bill of costs in the sum of $243,20.
This action for damages for personal injuries to the infant plaintiff was commenced in this court on January 30, 1959, and on June 4, 1963, a judgment was entered against defendant the Board of Education of the City of New York in favor of the infant plaintiff in the sum of $5,000 and in favor of the other plaintiff in the sum of $1,500. The action was discontinued against defendant the City of New York. The Clerk of the court, relying upon section 1474 of the Civil Practice Act, refused to allow any costs or disbursements to the infant plaintiff.
At the time this action was commenced, section 1474 provided in part as follows:
‘1 The plaintiff shall recover no costs or disbursements: 1. In an action brought in the supreme court, triable in any county in the city of New York, which could have been brought, except for the amount claimed therein, in the city court of the city of New York, unless he shall recover four thousand dollars or more.” (Emphasis supplied.)
That section was amended effective September 1, 1962 (L. 1962, ch. 695) and, as so amended, now provides as follows:
1 ‘ The plaintiff shall recover no costs or disbursements:
“1. In an action brought in the supreme court, triable in any county in the city of New York, which could have been brought, except for the amount claimed therein, in the civil court of the city of New York, unless he shall recover six thousand dollars or more.’’ (Emphasis supplied.)
Plaintiffs’ attorney contends that the infant plaintiff is bound by section 1474 as it existed prior to its amendment and that since the infant plaintiff recovered more than $4,000, he is entitled to costs and disbursements.
The court agrees with this contention. The amendment to section 1474 became effective simultaneously with the effective date of the Civil Court of the City of New York. It is apparent that the Legislature increased the minimum recovery in Supreme Court actions for the allowance of costs and disbursements because a prospective plaintiff could recover more in the Civil Court than he could have in the City Court. However, the infant plaintiff herein should not be bound by section 1474 in its present form since the Civil Court wa,s not in existence at the time this action was commenced. (Montefiore Hosp. v. Schifren, 236 N. Y. S. 2d 645.)
The court is aware of the cases which hold that a plaintiff is bound by the provisions of section 1474 as they exist on the date of the entry of judgment. (See, e.g., Davis v. Pechter, *712 206 Misc. 533, appeal dismissed 285 App. Div. 830.) In Davis this court applied this rule notwithstanding that during thependency of that action the minimum recovery for an allowance of costs was increased from $2,000 to $4,000 to -correlate with the increase in the monetary jurisdiction of the City Court from $3,000 to $6,000. The latter described • increase also became effective during the pendency of that action. However, it would be patently unjust to hold that a party who commenced an action prior to the creation of the Civil Court is precluded from recovering costs and disbursements by a provision enacted to keep pace with the increased monetary jurisdictional -limit of the new court. Obviously, the Legislature did not intend to deny costs to a plaintiff who commenced an action in the Supreme Court during the existence of the City Court, merely because he recovers less than that which would have constituted the very maximum amount recoverable in the City Court, i.e., $6-,000.
Accordingly, the application is granted to the extent that the Clerk of this court is directed to accept the infant plaintiff’s bill of costs and further directed to amend the judgment herein to provide for an allowance for costs and disbursements to the infant plaintiff in amounts permitted by law.