■ THOMAS CASELLA, an Infant, by His Guardian ad Litem, SALVATORE CASELLA, et al., Respondents, v. BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant, et al., Defendant.— In an action to recover damages for personal injury by the infant plaintiff, and by his father for loss of services, in which judgment was entered on June 4, 1963 in favor of the infant for $5,000 and in favor of the father for $1,500 against the defendant Board of Education, said defendant appeals from an order of the Special Term, Supreme Court, Queens County, dated June 24, 1963, which, *inter alia,* directed that the judgment in favor of the infant plaintiff be amended by adding thereto the sum of $243.20 as and for costs and disbursements. [For opinion at Special Term, see 39 Misc 2d 710.] Order reversed, without costs and motion denied. At the time the judgment was entered, section 1474 of the Civil Practice Act (as amd. by L. 1962, ch. 695), so far as material, provided as follows: "§ 1474. Limitation of plaintiff's costs by reason of bringing action in higher court. The plaintiff shall recover no costs or disbursements: 1. In an action brought in the supreme court, triable in any county in the city of New York, which could have been brought, except for the amount claimed therein, in the *civil* court of the city of New York, unless he shall recover *six* thousand dollars or more." The amendment, which occurred during the pendency of this action, substituted the word "civil" for the word "city" and the word "six" for the word "four." It is well settled that the right to costs depends upon "the statutes in force, not at the commencement of the action, but at its termination, or the time when the right to costs accrues" (23 Carmody-Wait, New York Practice, p. 18 and cases cited pp. 18–23). The amendment to section 1474 did not except pending actions. It therefore applies to all actions and speaks as of the time judgment was entered (*Dreyer* v. *Shapiro*, 143 Misc. 170; *Reisner* v. *749 Broadway Realty Corp.*, 207 Misc. 76; *Sicherman* v. *Yeshiva Univ.*, 39 Misc 2d 441). Although the amended statute refers to the Civil Court of the City of New York, which was not in existence at the time this action was instituted (cf. N. Y. Const., art. VI, §§ 15, 35, subd. a), in our opinion, for the purposes of this application, the Civil Court and its predecessor the City Court of the City of New York should be deemed to be the same court (cf. N. Y. City Civil Court Act, § 2104). Except for the amount claimed, this action could have been brought in the City Court; and, since the infant plaintiff recovered less than $6,000, he is not entitled to costs (*Sicherman* v. *Yeshiva Univ., supra*). Kleinfeld, Brennan and Hopkins, JJ., concur; Beldock, P. J.,

and Christ, J., dissent and vote to affirm the order, with the following memorandum: This action was not one which "could have been brought * * * in the civil court" within the meaning of subdivision 1 of section 1474 of the Civil Practice Act as it read at the time of the entry of judgment on June 4, 1963, because there was no "Civil Court" in existence when this action was commenced on January 30, 1959. Therefore, the statute is inapplicable. The present Civil Court is not the same as the former City Court, as the majority holds. The Civil Court of the City of New York is a newly-created inferior court with enlarged jurisdiction. Under the circumstances, costs were properly awarded to plaintiffs (*Klein* v. *City of New York,* 234 App. Div. 455).