ATTORNEY GENERAL *vs.* CITY COUNCIL OF LAWRENCE.

A city ordinance provided that the two branches of the city council should, in convention, annually appoint a commissioner of streets who should hold office until the appointment of his successor. The first appointment was on the organization of the city in May 1853, but since that time the appointments were made annually in January. In April 1874, the city council not yet having met in convention, a petition for a writ of *mandamus* to compel them to meet was filed. *Held*, that the writ should issue.

INFORMATION * by the attorney general, filed April 14, 1873, praying that a writ of *mandamus* should issue, directed to the members of the board of aldermen, and of the common council of the city of Lawrence, commanding them to meet in convention and proceed to elect a commissioner of streets. An alternative writ of *mandamus* was issued on April 15, 1873.

At the hearing before *Wells*, J., on the return to the alternative writ, it appeared that the city council of the city of Lawrence consisted of two branches: the board of aldermen, composed of

* This case was argued at Boston in June 1873, before all the judges except CHAPMAN, C. J.

six members; and the common council, composed of eighteen members; that the following ordinance was passed by the city council: "There shall annually be appointed by the city council in convention, by ballot, an able, discreet person to be styled the commissioner of streets, who shall also be the surveyor of highways, required by law to be chosen, and who shall continue in office until removal, or until a successor be appointed, and sworn to a faithful performance of his duty. He shall receive such compensation for his services as the city council shall establish, and shall be removable at their pleasure; and in case said office shall become vacant by death, resignation or otherwise, a successor shall be appointed in the manner prescribed;" that upon the first organization of the city in May 1853, the commissioner of streets was appointed in that month, but that, since that time, until 1873 he had been appointed, annually, in the month of January; that the board of aldermen were willing and desirous to meet in joint convention to choose the street commissioner, and had several times passed an order to do so; but that the common council had refused to concur in such order.

The judge reserved the question whether a peremptory writ should issue for the consideration of the full court.

*D. Saunders & C. G. Saunders,* for the petitioner.

*W. S. Knox,* for the respondents.

COLT, J. By the terms of the charter the city government of Lawrence has the right to prescribe by ordinance the time and mode of electing a commissioner of streets. St. 1853, *c.* 70, § 8. Under this power an ordinance has been passed providing that the city council in convention, by ballot, shall annually appoint a commissioner of streets, who shall hold until a successor be appointed. Upon the first organization of the city government in May 1853, this officer was appointed in that month, but since then, until the present year, he has been annually appointed in the month of January.

The duty is thus plainly imposed upon the city council annually to elect the officer named. No time is fixed within which it must be performed, but the law adds the requirement that it must be done in a reasonable time. What that is, when the facts

are all before the court, is a question of law, and we have no difficulty in determining upon the record here submitted, that the city government have unreasonably neglected a duty imposed by law which requires the two branches to meet in convention and proceed to the election of a commissioner of streets for the current year.

The duty to proceed to this election in the manner pointed out is not a matter of discretion nor dependent upon the judgment of either branch of the government or of the members of either branch. If it were so, there could be no remedy by *mandamus.* The court does not attempt to control the judgment and discretion of the individual members when assembled in the choice then to be made. But it may properly, by *mandamus,* require the two branches to meet in convention as a required preliminary step to the election of some one to this office. Otherwise the anomaly would arise of a minority of those who must constitute the convention being able to defeat an election if they were only a majority of either branch. *Morse, petitioner,* 18 Pick. 443. *Gibbs* v. *Hampden,* 19 Pick. 298. *Strong, petitioner,* 20 Pick. 484, 495. *Lamb* v. *Lynd,* 44 Penn. State, 336. *The King* v. *Norwich,* 1 B. & Ad. 310. *Rex* v. *Cambridge,* 4 Burr. 2008.

*Peremptory writ to issue.*