WISCONSIN (MADISON & P. R. CO. v.). See Case No. 8,938.

WISCONSIN CENT. R. CO. (STERN v.). See Case No. 13,378.

WISCONSIN M. & F. INS. CO. BANK (ROBINSON v.). See Case No. 11,969.

WISCONSIN VALLEY R. CO. (WARREN v.). See Case No. 17,204.

---

## Case No. 17,903.

### WISDOM v. MEMPHIS.

[2 Flip. 285; [1] 8 Cent. Law J. 109; 7 Reporter, 298; 11 Chi. Leg. News, 138.]

Circuit Court, W. D. Tennessee. Nov. Term, 1878.

PRACTICE OF FEDERAL COURTS—MANDAMUS—LEVY OF TAXES.

1. Where writs of mandamus are resorted to for the purpose of compelling a municipal corporation to levy a tax, this court will conform as much as possible to the state practice in similar cases.

---

[1] [Reported by William Searcy Flippin, Esq., and here reprinted by permission.]

2. Unless special circumstances should require it, a peremptory writ will not be issued, commanding a levy of taxes to pay a judgment against a municipal corporation at a time different from the next general levy.

At law.

Before BAXTER, Circuit Judge, and HAMMOND, J.

HAMMOND, J. The writ of mandamus at common law issued out of the court of king's bench, and could only be applied for in term time, but was returnable before the court at any time to be fixed by the court, in its sound discretion, to suit the exigencies of the particular case. In Tennessee the practice is regulated by statute, and under the act of 1831 (Code § 3567) it has been the practice of the judges authorized to issue the writ, upon a petition being presented, duly verified, to grant in vacation a fiat for the alternative writ returnable to the next term of the court. This alternative writ is in the nature of an order to show cause, and if on the return day no cause is shown against it, the peremptory writ issues, commanding the act to be done. While the federal courts have no general jurisdiction, like the court of queen's bench, or of the circuit courts of the state, to issue writs of mandamus for all purposes where applicable at common law or under the state statutes, they do have power to use them when necessary to enforce jurisdiction already acquired, and it is auxiliary to their general jurisdiction. One of the most frequent uses to which the writ is put, is to compel a municipal corporation to levy a tax authorized by law to pay a debt on which a judgment has been rendered in this court. When used for that purpose, we think we are not only authorized, but required by the act of congress making the practice in the state and federal courts uniform, to conform as much as possible to the state practice in similar cases.

We shall, therefore, on a proper petition filed and verified, either in vacation or term time, direct the alternative writ to issue, returnable to the next succeeding term of the court, or to some day of the same term, as the case may require, giving reasonable notice to the defendant corporation to show cause why a peremptory writ shall not issue. If no sufficient cause is shown, or default is made, the peremptory writ will command the corporation to levy the tax on or before the time of its next annual levy, as required by the law governing it in levying taxes for like or general purposes, and returnable accordingly. We do not doubt the power of the court in a proper case to compel a special levy of the tax to pay the judgment, at a time different from the general levy; such, for instance, as the disobedience of a peremptory writ, or some other special circumstance requiring such a course. In this case we do not think the plaintiff is without fault in failing to have had the tax levied at the last annual levy. It is undoubtedly true that it is the duty of the

city to obey the alternative writ, and not put plaintiff to the expense or delay of a peremptory writ; but if it fails to do so, like any other debtor it can only be compelled by the ordinary course of legal process to discharge the duty. The application for a special levy is denied, and the peremptory writ will issue, commanding the city to levy a tax to pay this judgment at its regular levy, and that it make such levy on or before the 15th day of next July, and certify the said levy to the proper officers for collection as required by law, and that said writ be returnable to the next November term of this court thereafter.

We have taken this occasion to define and regulate the practice which will govern us hereafter in the ordinary course of business in cases like this, with the reservation that the discretion of the court will be exercised to accommodate the remedy to the exigencies of any extraordinary case which may arise, according to the rights of the parties and the justice of the case.

Rule is now, in the first instance, to show cause why peremptory mandamus shall not issue; so made because of the indisposition of parties to make levies.