SARAH A. JOHNSON ET AL. V. ELIZABETH EMERICK ET AL.

FILED JUNE 22, 1905. No. 13,849.

1. Review: BILL OF EXCEPTIONS. A petition in error will not be dismissed on motion of the defendant in error because of a failure to settle and file a bill of exceptions, where the only question to be determined is one of law, and it is properly presented by a transcript of the record of the proceedings of the lower court.

2. **Partition**: ATTORNEYS' FEES.  A partition proceeding is one for the
benefit of all the parties in interest, and where such proceedings
are amicable it is proper for the trial court to allow the attor-
neys conducting the proceedings a reasonable attorney's fee, and
to require the payment of the same by the parties in proportion
to their interest in the property involved.

ERROR to the district court for Douglas county: ALEX-
ANDER C. TROUP, JUDGE.  *Reversed in part.*

*Crane & Boucher,* for plaintiffs in error.

*C. A. Baldwin, contra.*

JACKSON, C.

This case is submitted both upon a motion to dismiss
the error proceedings and upon the merits of the question
raised by the petition in error.  The motion to dismiss the
petition in error is based upon the ground that the plain-
tiffs neglected to prepare and file a bill of exceptions.  The
original certificate of the clerk of the district court re-
cites that the bill of exceptions attached to and made a
part of the transcript is the original bill of exceptions.
Subsequently, however, a new certificate of the clerk was
attached to the record, from which it appears that that
portion of his original certificate referring to the bill of
exceptions is erroneous; that no bill of exceptions had
ever been filed.  The only question involved in the case
is the refusal of the district court to tax as a part of the
costs and expenses an attorney's fee.  That question is
presented by the transcript, and no bill of exceptions is
necessary to enable this court to determine the question.
The motion of the defendants to dismiss the error pro-
ceedings is therefore overruled.

The plaintiffs, five in number, instituted the proceed-
ings in the court below, for the partition of real estate.
Three of the plaintiffs were minors, and the caption of
the original petition discloses that they appeared by their
mother and next friend.  The plaintiffs represent a one-

fifth interest in the real estate sought to be partitioned.
Personal service was had upon the defendants, who were
defaulted at the hearing, and a decree of partition en-
tered as prayed on the 23d day of July, 1903. On Novem-
ber 23, 1903, the defendants, by their attorney, filed in
the office of the clerk of the district court an instrument
indorsed on the back, "Objections to Jurisdiction," the
text of which is as follows:

"The above named defendants Elizabeth Emerick,
John Emerick and Hattie Amelia Hale, in reference to the
matters here involved, say the facts stated in the petition
as to the interests of said defendants in the lands to be
partitioned are true as therein stated; and that said John
Emerick, Elizabeth Emerick and Hattie Amelia Hale are
the owners of, and are entitled to have and hold, four-
fifths part of said lands. That by reason of the fact that
three of the heirs of Eli Johnson, Jr., deceased, who as
such heirs are each entitled to have a one-twentieth part
of said lands set off to them, are minors, it is entirely
impractical to make an actual partition of the land, such
a partition would have rendered their separate interests
in the land almost valueless, and for that reason, and to
protect said minors, and for no other reason, these pro-
ceedings are properly instituted, and by a sale of all of
said lands have the value of the one-fifth interest in the
land which is to be divided between the said heirs of said
Eli Johnson, Jr., determined; an amicable partition be-
tween John and Elizabeth Emerick and Mrs. Hale, who
is the sister of Mrs. Emerick, if a partition is ever de-
sired, can be made at any time, and without costs. The
aforesaid defendants say that, to protect their rights and
interest here involved, and to see that the steps taken to
obtain the partition were in all things regular and legal,
they employed C. A. Baldwin, attorney, as their counselor
and advisor, and he has acted as such from the commence-
ment of this action. Defendants say that they have been
advised by their attorney that it is extremely doubtful as
to whether a suit for partition of land can be brought by

minors in the name of "their next friend," as is done in
this case, and they here and now submit that question to
the court and ask judgment thereon. If the court finds
that suit cannot be thus brought, it would invalidate the
entire proceedings had. Said defendants say that they
are informed and believe, and therefore aver the fact to
be, that no proceedings have been taken to settle the
estate of said Eli Johnson, Jr., deceased, and there is here
nothing appearing that there are no claims against said
estate that must be fully paid before said heirs of said Eli
Johnson, Jr., deceased, are entitled to receive the one-
fifth part of the proceeds arising from a sale of the lands
or any part thereof. Wherefore said defendants ask the
court, before an order of sale of the property is made, that
the court determine the question as to the right of the
said minors to bring this suit in the name of their next
friend, and if the court finds that the suit was so properly
brought, then and in that case the court make such order
as is provided in section 828, code of civil procedure,
Nebraska."

The district court, it appears from the record, con-
sidered his so-called "objections to its jurisdiction," and
determined that the action was properly brought in the
name of the minors by their mother and next friend. The
record recites, however, that, out of deference to counsel
who filed the objections, the title to the petition, and in
the decree, was changed to read, "Guardian and next
friend." No other or further appearance was made by the
defendants until after the confirmation of the sale, when
the plaintiffs asked for the allowance of a reasonable at-
torney's fee, the defendants again appeared and resisted
the allowance of an attorney's fee. The court allowed the
attorneys for the plaintiffs the sum of $150 for services
rendered the referees, and found: "That the law of this
state does not authorize the taxing as costs in any action
of partition the fees for services of attorneys for the plain-
tiffs, without the consent and against the objection and
protest of defendants, they having employed separate

counsel, and for that reason alone it is ordered by the court that the objections to such allowance be sustained, and that the said motion be, and the same hereby is, over-ruled; to which conclusion and order the plaintiffs except, and their exception is allowed."

It is contended by counsel for defendants that the judgment of the district court is right, because the proceedings were adverse as between the plaintiffs and defendants. That question, however, must be determined from the record with reference to the claims of the different parties to the suit and the course pursued by them. In law, an adversary proceeding is one in distinction from an application to which no opposition is made. Was the paper filed in this case four months after the entry of the decree such a one as raised an issue as between the plaintiffs and defendants? On the contrary, it seems to have been in the nature of a friendly suggestion to the court on the part of the defendants and in behalf of the plaintiffs. The allegations of the petition were admitted to be true. The interest of the defendants in the property sought to be partitioned was conceded to have been properly set out in the petition, and provided for in the decree. No relief was sought on behalf of the defendants. No adverse action was ever taken in the case until the plaintiffs requested the payment of counsel's fees out of the proceeds of the sale of the premises. When that application was made, the proceedings at once became adversary on the question of the payment of attorneys' fees alone; but a contest over the payment of attorneys' fees would not of itself be sufficient to make the partition proceedings adversary, and, in our judgment, the case must turn upon the right of the trial court to allow attorneys' fees in partition proceedings in any event. That question never seems to have been before this court except in the case of *Oliver v. Lansing*, 57 Neb. 352. That case, however, does not determine the right of the court to allow an attorney's fee in partition proceedings where such proceedings are amicable, because that question was not before the court.

In that case the proceedings were confessedly adversary. The inference, however, to be drawn from the language of Mr. Justice SULLIVAN, who delivered the opinion of the court, is that, had the proceedings been amicable, it would be proper to allow an attorney's fee. The statute provides that all costs of proceedings in partition shall be paid in the first instance by the plaintiffs, but eventually by all the parties in proportion to their interests, except those costs which are created by contests above provided for. It has been the practice of the trial courts generally in this state to allow a reasonable attorney's fee to be paid out of the proceeds of the sale according to the interests of the parties, in addition to the other costs incurred. This practice is supported by precedent. Originally, the English law courts required parties in partition proceedings to pay their own expenses up to the entry of the order of partition, and thereafter the expense incurred was paid out of the estate. Later, when the chancery courts assumed jurisdiction of partition proceedings, owing to complications in titles, with which the law courts could not deal, the practice of requiring all costs and expenses to be paid out of the estate, especially in cases where the interests of minors were involved, prevailed. It is probably due to that practice that in the United States several states have provided by statute for the payment of attorneys' fees in partition proceedings by all the parties in proportion to their interests. Many of the states, however, have not, by express terms, provided for the payment of attorneys' fees in partition proceedings, and the courts of last resort in some of these states at least, notably Rhode Island, Ohio, Michigan and Minnesota, have held that the trial court should allow fees to counsel conducting the proceedings where they are not adversary. *Redecker v. Bowen*, 15 R. I. 52; *Lowe v. Phillips*, 21 Ohio St. 657; *Greusel v. Smith*, 85 Mich. 574; *Hanson v. Ingwaldson*, 84 Minn. 346, 87 N. W. 915.

It has already been noticed that three of the plaintiffs are minors, who represent only three-twentieths of the

estate partitioned, and under the circumstances in this case it would be inequitable not to require all of the parties to contribute toward the payment of the fees of counsel whose services were equally beneficial to them all. The trial court allowed counsel for the plaintiffs a fee of $150 for service performed in behalf of the referees. That service, however, is one which should ordinarily be performed by counsel who are employed generally in the case, and, if the conclusion reached by the trial court with respect to the allowance of attorneys' fees was correct, the allowance of the item of $150 was entirely improper.

We recommend that the judgment of the district court be reversed in so far as it denies the allowance of an attorney's fee, and that the case be remanded for further proceedings in conformity with this opinion.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed in so far as it denies the allowance of an attorney's fee, and the case is remanded for further proceedings in conformity with this opinion.

REVERSED IN PART.

SEDGWICK, J., not sitting.