Bd. of Excise of Okla. Co. v. Bd. of Directors of Schl. Dist. 27 of Okla. Co.

BOARD OF EXCISE OF OKLAHOMA COUNTY v.
BOARD OF DIRECTORS OF SCHOOL DIST.
No. 27 OF OKLAHOMA COUNTY.

No. 3383.   Opinion Filed March 12, 1912.

(122 Pac. 520.)

1.  **SCHOOLS AND SCHOOL DISTRICTS—Taxation—Statutory Provisions.** That portion of section 5, .c. 64, Sess. Laws 1910, fixing the time for the holding a special election in school districts, for the purpose of submitting to the qualified electors thereof the question of making an increased levy, as provided for in the said act, is, as to such time, directory only; and where, for any reason, the excise board fails to give the notice and call the election provided for therein on the said date, it may be required to do so within some reasonable time subsequent thereto.

2.  **MANDAMUS—Nature of Remedy—Discretion of Court.** In awarding or denying writs of mandamus, courts exercise judicial discretion, and are governed by what seems necessary and proper to be done, in the particular instance, for the attainment of justice, and, in the exercise of such discretion, may, in view of the consequences attendant upon the issuance of the writ, refuse the same, though the petitioner has a clear legal right for which mandamus is an appropriate remedy.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County;
George W. Clark, Judge.*

Action by the Board of Directors of School District No. 27 of Oklahoma County against the Board of Excise of Oklahoma County. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*Sam Hooker,* Co. Atty., and *Selwyn Douglas,* Asst. Co. Atty., for plaintiff in error.

*H. Y. Thompson,* for defendant in error.

DUNN, J.   This case presents error from the district court of Oklahoma county.   The defendants in error, constituting the board of directors of school district No. 27, Oklahoma county,

brought action against plaintiffs in .error, constituting the excise board of Oklahoma county, to secure a peremptory writ of mandamus, requiring said board to call· an election to vote on the question of levying a tax for school purposes in said school district in excess of the statutory levy of five mills.

The petition filed set forth the foregoing facts and, further, that at the annual meeting of said school district the legal voters thereof voted and ordered that there should be a nine months term of school held therein, beginning on the first Tuesday in September; 1911, and ascertained the 'amount of money necessary to maintain the same; that all legal requirements necessary thereto were complied with, and that the excise board met, as provided by law, on July 29, 1911, and, finding that no return had been made by the state board of equalization on the taxable value of the property in Oklahoma county, the board adjourned to meet August 12, 1911, for the purpose of making the said levy and, due to the same reasons, adjourned to meet September 11, 1911. On the said date, it was ascertained from the return made by the state board of equalization that the value of the property in said school district, as assessed, would not, with a five-mill levy, raise sufficient funds to conduct a nine months school, but would require a levy of six and one-half mills, or an additional one and one-half-mill levy, which additional levy could not be made without an election being called by the excise board; that it was the duty of said board to have made a levy on July 29, 1911, but, because ·of judicial proceedings then pending in the state courts against the board of equalization, it was impossible to make the same until September 16, 1911; that the said board and the members thereof were and are of the opinion that the estimate of said board of directors of said school′ district was not excessive, and that the levy ought to be six and one-half mills for school purposes for 1911; that the sole reason for not calling an election in said school district to provide for the said additional levy was because, in .the opinion of the excise board, it had not authority to call said election after the date fixed by law, to wit, the second Tuesday after the first Monday in August, 1911,

which was of the date of August 15, 1911. To the petition filed, the defendant, the excise board, filed a demurrer, which was by the court overruled, and the writ prayed for ordered issued, from which the said board has appealed to this court.

The statute under which this proceeding is brought is contained in chapter 64 of the Sess. Laws 1910. Section 1 thereof provides that school districts may levy for the support of common schools not more than five mills; section 2 provides for the estimated needs for the current expenses for the ensuing fiscal year to be made by the proper authorities of the different municipalities, including school districts. Under section 3, the county excise board is created, consisting of certain officers named therein, and who are defendants in this suit. In section 4, provision is made for the certification to the said board of the estimates of the expenses for the different municipal subdivisions provided for; and the said board is authorized to make a levy upon the valuation of the property to provide funds sufficient to meet the amount certified, provided the same is deemed just and reasonable. Section 5 then provides as follows:

"If any estimate certified to the excise board for the current expenses of any county, city, incorporated town, township or school district shall exceed the limits prescribed by section 1 of this act, and the excise board shall be of the opinion that such excess is reasonably necessary for the current expenses of the municipality for which the same is prepared, they shall enter such fact upon the record of their proceedings and shall give notice by publication in one issue of some newspaper, printed in the county, that a special election will be held in the county, city, incorporated town, township or school district as the case may be, on the second Tuesday after the first Monday in August next thereafter for the purpose of submitting to the qualified electors of such county, city, incorporated town, township or school district, the question of making such increased levy. * * *"

The excise board found that, in its opinion, the excess which it was desired to secure by and through an election was reasonably necessary for the current expenses of the school district, and that the levy should be made. Its claim is, however, that it could not call an election at the date fixed by statute, for the rea-

son that the state board of equalization failed to make its return of the equalized valuation on the taxable property, as required by law, until long after the said date had passed, and that it would be unlawful to call an election, under the theory that the date was mandatory, and that its right to issue the call had expired.  In coming to this conclusion, in our judgment, the board is in error; for, as we view the question, after an exhaustive review of the authorities, the particular date, as fixed in the statute, is not of the essence of this law, and there is no reason why the same should be held to be mandatory, and not directory. The general rule applicable for the determination of this question is set forth in the case of *State ex rel. Cothren v. Lean,* 9 Wis. 279, 292, wherein the court says:

"Where there is no substantial reason why the thing to be done might not as well be done after the time prescribed as before—no presumption that by allowing it to be so done it may work an injury or wrong—nothing in the act itself, or in other acts relating to the same subject-matter, indicating that the Legislature did not intend that it should rather be done after the time prescribed than not to be done at all, there the courts assume that the intent was that, if not done within the time prescribed, it might be done afterwards."

In our judgment, there is no substantial reason to hold that, if the election were not called at the time fixed by the statute, the Legislature intended that it should not be called at all, especially so long as an opportunity to call the same might occur in time, so that the tax might be extended and collected without disorganizing the system.  There is no particular reason, except that it would probably conduce to orderly procedure, why the election for this particular purpose might not be called on one day as well as another.  It is, as denominated in the statute, a special election, and under the conditions as shown was one that might or might not occur in any year, owing to the condition of the assessment and levy made by the particular municipality and the judgment and discretion of the excise board.  Numerous authorities hold that statutes similar to this are directory in their operation, and have allowed mandamus to require the calling of elections

after the time fixed by statute had passed, on the theory that the law was directory, not mandatory, and that the holding of the election, and not its date, was of the substance and paramount in its importance. Authorities of this character may be noted as follows: *Walker v. Edmonds,* 197 Pa. 645, 47 Atl. 867; *Lamb et al. v. Lynd et al.,* 44 Pa. 336; *McConihe, Mayor, et al. v. State ex rel. McMurray et al.,* 17 Fla. 238; *State ex rel. McGregor v. Young et al.,* 6 S. D. 406, 61 N. W. 165; *Attorney General v. City Council of Lawrence,* 111 Mass. 90; *State, etc., v. Horner,* 34 Md. 569; *State ex rel. v. County Commissioners of Baltimore County,* 29 Md. 516; *Colt et al. v. Eves,* 12 Conn. 243; *State ex rel. Hamilton v. Hannibal & St. Joseph Railroad Co.,* 113 Mo. 297, 21 S. W. 14; *Tuohy v. Chase,* 30 Cal. 524; *Anderson, etc., v. City of Mayfield,* 93 Ky. 230, 19 S. W. 598; *Coles County v. Allison,* 23 Ill. 437; *People v. Supervisors of the County of Ulster,* 16 Johns. (N. Y.) 59; *King v. Justices of Denbyshire,* 4 East. 142, 102 English Reports (Full Reprint) 784; Endlich on the Interpretation of Statutes, sec. 436; 2 Lewis' Sutherland, Statutory Construction (2d Ed.) c. 16, secs. 612, 613; Paine on the Law of Elections, sec. 309.

This cause was decided by the trial court on December 2, 1911, and submitted to this court on January 13, 1912, on which latter date it was argued orally on the part of counsel for plaintiff in error. Under the law, the tax rolls for Oklahoma county at that time should have been completed and in the hands of the treasurer for the collection of taxes for the year 1911-1912 for more than one month. Under such condition, courts have uniformly held, in accordance with the doctrine announced in 26 Cyc. 146, that, "where the issue of the writ would disturb official action, or create disorder or confusion, it may be denied." Cases in support thereof may be noted as follows: *Wisdom v. Memphis,* 30 Fed. Cas. 385, No. 17,903; *State ex rel. Moore v. Board of Commissioners of Clinton County,* 162 Ind. 580, 68 N. E. 295, 70 N. E. 373, 984; *People ex rel. Stettauer v. Olsen,* 215 Ill. 620, 74 N. E. 785; *People ex rel. Akin v. Board of Supervisors of Adams County,* 185 Ill. 288, 56 N. E. 1044; *People v.*

*Ketchum et al.,* 72 Ill. 212; *Board of Education of San Diego et al. v. Common Council of San Diego,* 128 Cal. 369, 60 Pac. 976; Merrill on Mandamus, secs. 72, 74.

Petitioners herein, on the face of their petition, have a legal right to the writ for which they pray; but, as said by the Supreme Court of Illinois, in the case of *People ex rel. Akin v. Board of Supervisors of Adams County, supra*:

"Courts, in granting or refusing writs of mandamus, exercise judicial discretion, and are governed by what seems necessary and proper to be done in the particular instance for the attainment of justice. Courts, in the exercise of wise judicial discretion, may, in view of the consequences attendant upon the issuing of a writ of mandamus, refuse the writ, though the petitioner has a clear legal right for which mandamus is an appropriate remedy."

And this court, as the case now stands, after carefully considering all of the claims made by counsel, has come to the conclusion that it is its duty to reverse the judgment of the trial court, for the reason that if the election were ordered and called, and the additional tax sought thereby ordered, it would require at this late day, by the taxing and clerical officers of the county, the making of an additional levy upon all of the different items of taxable property of that district; it would require the extension thereof by the county clerk of Oklahoma county long after the tax rolls should, under the law, be complete and in the hands of the county treasurer and, in due course, much of the tax collected. Moreover, the tax which would here be levied would be, under the law, delinquent the moment it was levied, and doubtless other legal disorders and great inconveniences would follow. Even if, as suggested by counsel, the rolls, due to legal proceedings, are yet in the hands of the county clerk, and have not as yet been certified and sent to the treasurer's office, and the payment of tax begun, still, should the writ be allowed, they would be required to be held by the clerk until the notice for the election provided for has expired, the election held, votes counted, certificates, etc., made, and the levy extended against all of the different taxable items in this district, and during this time the already

too-long delayed collection of all state, county, township, city, and all other school district tax in the county would be longer delayed, and this followed, no doubt, by loss, vexation, and a vastly greater detriment than the benefits which would be secured by holding two months extra school in this one district. Furthermore, much of this delay and consequent inconvenience and loss would lapse before the election could be held and the votes counted to determine whether the additional tax would be voted, so, after all of the delay and burden had been borne, it might then develop that the taxpayers and electors of the district would at this time decline to assume the additional burden proposed and allow the levy as made to stand, under which condition the loss suggested would follow with absolutely no compensating gain. Hence, in the exercise of a sound discretion, this court has come, after a mature reflection and consideration, to the conclusion that the judgment of the trial court, sustaining the petition in this cause, should be reversed, and the case remanded, with instructions to dismiss it. The situation presented to us is not the same as was before the lower court, or our conclusion might be different. Case remanded. .

TURNER, C. J., and HAYES, J., concur; WILLIAMS, J., concurs in the conclusion; KANE, J., absent, and not participating.