ROSE S. MABRY ET AL., APPELLEES, v. MINNIE MUDD ET AL., APPELLANTS: SIDNEY W. SMITH, APPELLEE.

272 N. W. 574

FILED APRIL 16, 1937. No. 29892.

*Gaines, McLaughlin & Gaines,* for appellants.

*Sidney W. Smith, Jay Gibbs* and *Hollingsworth & Francis, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

CARTER, J.

This is a partition suit commenced by plaintiffs to secure the partition of certain property in Douglas county. Upon confirmation of the referee's sale, the trial court allowed plaintiffs' attorney an attorney's fee in the amount of

$5,810. From the order allowing this fee, certain of the defendants herein designated as appellants have appealed to this court.

The record discloses that on September 20, 1935, Sidney W. Smith, as attorney for the plaintiffs, commenced this suit in the district court for Douglas county praying for the partition of the property set forth in the petition and that, in the event that said property could not be equitably partitioned, it be sold and the proceeds distributed to the persons entitled thereto according to law. The record further discloses that said property was sold by the referee on February 7, 1936, for the sum of $58,100. On February 13, 1936, plaintiffs moved for a confirmation of the sale and for an order fixing the fees of the attorney and the referee. On February 17, 1936, the court confirmed the sale and fixed the fees of the referee at $750 and those of the attorney at $5,810. On April 7, 1936, the referee filed his final report, and on April 17, 1936, the appellants herein filed a motion objecting to the allowance of the attorney's fee in the amount of $5,810 and asked the court to set aside the allowance. The trial court overruled this motion on April 29, 1936, and approved the final report of the referee. On the same date a notice of appeal from the allowance of the attorney's fee was filed in the district court in said suit. No bill of exceptions was filed in the appeal. The only question presented is whether the allowance of the attorney's fee in the sum of $5,810 is sustained by the record before us.

The record discloses that the partition suit was one for the benefit of all the parties in interest and of an amicable nature. In such a case, the court may allow a reasonable attorney's fee to be paid by the parties in proportion to their interests in the property involved. *Johnson v. Emerick,* 74 Neb. 303, 104 N. W. 169.

Appellee contends that, as there is no bill of exceptions, there is nothing for this court to consider. The record discloses that the proceeding was the usual kind commenced in such cases. There was no unusual question of fact to be

determined nor any peculiar or intricate proposition of law to be solved. The trial judge was undoubtedly familiar with the professional work required and could not have been materially assisted in arriving at a proper fee by the taking of evidence. In such a case, the trial court has before it the facts necessary upon which to determine the reasonableness of the fee to be fixed. If special or unusual services were required of the attorney, we can see where the adducing of evidence might be required to sustain the finding of the court, but such does not appear to be the case in the suit at bar.

The question resolves itself into this: Did the trial court abuse its discretion in allowing an attorney's fee of $5,810 in a partition suit involving no unusual or unique questions of fact or law where the property involved sold for $58,100?

It is impossible for us to lay down a rule as to the allowance of attorneys' fees that would apply in all cases. The amount must necessarily be left to the sound judicial discretion of the trial court. On the subject of judicial discretion, Lord Mansfield says: "Discretion, when applied to a court of justice, means sound discretion guided by law. It must be governed by rule, not by humour; it must not be arbitrary, vague, and fanciful; but legal and regular." *Rex v. Wilkes,* 4 Burr. (Eng.) 2527. See, also, *Pettegrew v. Pettegrew,* 128 Neb. 783, 260 N. W. 287. When the trial court fails to make a just and equitable allowance or apportionment of attorney's fees, it is for this court in a proper proceeding to say whether such failure amounts to an abuse of discretion, and when such an abuse exists to correct it.

The following cases are similar to the one at bar except as to the sale price of the property sought to be partitioned. In *Forsee v. McGuire,* 109 Mo. App. 701, 83 S. W. 548, the property sold for $80,000 and an attorney's fee of $1,500 was allowed. In *Connor Realty Co. v. St. Louis Union Trust Co.,* 176 Mo. App. 260, 161 S. W. 865, the property sold for $24,000 and an attorney's fee of $720 was allowed. In *Donaldson v. Allen,* 213 Mo. 293, 111 S. W. 1128, the prop-

erty sold for approximately $100,000 and the court allowed an attorney's fee of $5,000. In *Murray v. Hays*, 51 Utah, 211, 169 Pac. 264, the property sold for $350,000 and $10,000 was allowed the attorneys by the court. In *McMullin v. Doughty*, 68 N. J. Eq. 776, 55 Atl. 115, the attorneys obtained an actual partition of 13,000 acres of land. In the course of the opinion in that case the court said: "As the cause proceeded it was disclosed by both parties that the extent of the lands was so great, and the documentary evidences of title in such a confused condition, that accuracy of description was almost impossible. The difficulties of the procedure became so great as to threaten the efficiency of the partition." After a completion of the work, the court fixed the attorney's fee at $400. In *Dent v. Foy*, 210 Ala. 160, 97 So. 627, the property sold for $65,000 and an attorney's fee of $2,000 was allowed. In *Rackemann v. Tilton*, 236 Ill. 49, 86 N. E. 168, the property sold for $200,000 and an attorney's fee of $1,500 was approved by the court. While this court is not bound to follow any one or all of the above cited cases in determining a reasonable fee for the attorney in the case at bar, yet we are of the opinion that the authorities cited conclusively show that the amount allowed in the instant case is excessive and that the trial court abused that sound judicial discretion reposed in it that ought to be guided by the law and its analogies when applied to a given set of facts.

After a consideration of the services rendered, the nature of the litigation, the amount involved, the results obtained, and the care and diligence exhibited, we have concluded that a maximum fee for such services should not exceed the sum of $1,500. The allowance of the trial court is therefore reduced to $1,500 and the decree of the trial court, as thus modified, is affirmed.

AFFIRMED AS MODIFIED.