Claude BELL, County Assessor of Harmon County, Oklahoma, Plaintiff in Error,

v.

BOARD OF COUNTY COMMISSIONERS, Excise Board and Gladys Moore, County Treasurer, all of HARMON COUNTY, Oklahoma, Defendants in Error.

No. 38154.

Supreme Court of Oklahoma.

Feb. 10, 1959.

Ross Cox, Hollis, Ryan Kerr, Altus, for plaintiff in error.

Hicks & Fancher, Raymond Barry, County Atty., Harmon County, Hollis, for defendants in error.

HALLEY, Justice.

On August 22, 1957, Claude Bell, County Assessor of Harmon County, filed this action in the District Court of that County, against the Board of County Commissioners, the Members of the Excise Board and the County Treasurer, seeking a writ of mandamus compelling the defendants to comply with their statutory duty by approving and certifying the estimate of needs of plaintiff as submitted by him as County Assessor.

The events leading up to this action are as follows: On July 1, 1957, the plaintiff, as County Assessor, filed with the Board of County Commissioners his estimate of needs for the proper and legal operation of his office for the fiscal year, 1957–1958, as required by law; among other needs, he set up and requested the sum of $1,225 as salary for a deputy assessor and $600 as travel expense for the assessor, both items alleged to be an absolute necessity for the performance of his mandatory duties as County Assessor, and which items of expense are allowed by law. It became the mandatory duty of the Board of County Commissioners to approve and certify to the County Excise Board of the County the estimate. Although the County Commissioners have a mandatory duty to certify such estimates to the County Excise Board, the Board cut said items of $1,225 for deputy assessor's salary to $525 and travel expense from $600 to $300.

Plaintiff requested the Commissioners to restore the sums as estimated by him but they refused to do so and certified to the Excise Board for certification as revised by the Commissioners.

Plaintiff alleged that there was and is sufficient money on hand, or will be collected during the fiscal year of 1957–1958 to approve his estimate as submitted and for the payments of warrants as submitted.

It is also alleged that on August 19, 1957, the Excise Board approved the estimate as submitted to it by the Board of County Commissioners; that although it was its duty to restore the estimate of needs to the plaintiff as originally submitted by him, the Board refused to do so.

Plaintiff alleged that the sum as approved by the Commissioners and Excise Board is wholly inadequate for the performance of his duties as County Assessor and unless his estimate of needs is approved, he cannot perform his duties as required by law.

Plaintiff prayed for a writ of mandamus requiring the County Commissioners, the Excise Board and County Treasurer to comply with their statutory duties by approving and certifying his estimate of needs as submitted.

On August 22, 1957, the court issued an alternative writ of mandamus directing defendants to approve and certify the estimate of needs of the office of County Assessor as originally presented to them by the plaintiff, or that they appear before the court on September 19, 1957, to show cause for their refusal so to do.

Defendants filed a return to the above writ in which they alleged that they were by law charged with the mandatory and discretionary duty of furnishing necessary funds for the operation of all county offices; that the budget allowances to each county office for the current fiscal year have been reasonable and fair and to the best interest of the county, considered in the light of the money available.

Defendants denied that they had acted arbitrarily or unlawfully, but in accordance with their mandatory and discretionary duties and for the best interest of all; that the budget allowance to plaintiff of $525 for deputy hire and $300 for travel is adequate, but that the amount asked by plaintiff cannot be met by the County with the money available without injury and public detriment to other necessary and mandatory appropriations; that they have followed the mandatory and discretionary law in arranging the budget for the current year, and have not acted arbitrarily, considering that the fiscal year's tax money is not sufficient to meet all legal requirements.

■ Although under the provision of Section 15.19, 68 O.S.1951, Supp.1957, which is as follows:

"Each County Assessor shall be allowed such regular or special deputies as may be necessary to perform the duties of such County Assessor. The number of deputies and the salary or compensation of each deputy shall be fixed by the assessor, with the approval of the Board of County Commissioners. It shall be the mandatory duty of the Board of County Commissioners and Excise Board to allow the County Assessor sufficient deputies at salaries large enough to enable the assessor to secure competent help so that he will be able to perform the duties required of him by law in an efficient manner. In lieu of all other travel expense within the State, the County Assessor * * * shall receive Fifty Dollars ($50.00) monthly in counties with valuations of from Five Million Dollars ($5,000,000.00) to less than Ten Million Dollars ($10,000,000.00) * * *.

"The County Assessor's deputies shall be entitled to reimbursement from the county, exclusive of travel expense hereinbefore allowed the County Assessor upon the filing of proper verified claim therefor, for all traveling expenses incurred in the performance of their duties. Such traveling expenses shall include meals and lodging when such expenses are incurred away from the city or town which is the county seat, and shall include transportation. * * * *",

the plaintiff was entitled to have a deputy and also his traveling expenses, he cannot always obtain them if it is clear that there will not be sufficient money available to meet such needs. Under the "Fifth" paragraph of Division (B) of Section 289, 68 O.S.1951, which is as follows:

"If the total of the several items of estimated needs for lawful purposes as heretofore ascertained is within the income and revenue lawfully available,

the excise board shall approve the same by items and compute the levy required. If said total exceed the means provided to finance the same, the excise board will proceed to revise the same by reducing items, in whole or in part, in the following order: (a) first apply such revision by reduction of items for governmental functions merely authorized but not required; (b) if further reduction be necessary, second, by reduction of items required by the Legislature but not within Constitutional requirement; (c) if still further reduction be necessary and no other items remain, third, by reduction of items for Constitutional governmental functions until the total thereof be within the income and revenue provided. At the option of the excise board, the governing board may collaborate in such reductions; but the final order shall be that of the Excise Board.",

the Excise Board has the right to reduce the amount requested by the Assessor. In this case from the action of the County Commissioners and Excise Board in reducing his request the Assessor asked the District Court of Harmon County for a writ of mandamus requiring the County Commissioners and the County Excise Board to approve his estimate of needs which was $1225.00 for a deputy and $600.-00 for travel expense.

After a full hearing the trial court raised the sum for deputy hire to $787.50 and left the travel allowance at $300.

■ In view of the fact that there was evidence showing that there would not be sufficient tax money available to pay the amounts requested by the plaintiff, we will not say that the trial court erred in refusing the Assessor's demand. When possible, the plaintiff's request should be allowed but when not possible, it will have to be disallowed in whole or in part.

We still think that the rule is sound that is laid down in Board of Directors of School Dist. No. 27 of Oklahoma County v. Board of Excise of Oklahoma County,

31 Okl. 553, 122 P. 520 and Excise Board of Tulsa County v. City of Tulsa, 180 Okl. 248, 68 P.2d 823.

The judgment of the trial court is affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and WELCH, JOHNSON, BLACKBIRD, IRWIN and BERRY, JJ., concur.