WILLARD STODDARD, APPELLEE, v. ISABEL MONTGOMERY ET AL., APPELLEES, JOHN A. BOTTORF, APPELLANT.

98 N. W. 2d 875

Filed November 6, 1959. No. 34677.

*John A. Bottorf,* pro se.

*Wright, Simmons & Harris,* for appellee Stoddard.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

The object of this action was the partition of the real estate described in the record. The original petition did not accurately allege the shares of the owners of the real estate or the existence of an encumbrance on a part of the land as found and confirmed by the judgment of the trial court. Shirley Gemar, a defendant in the case, the owner of one-sixtieth of the real estate, by answer filed in the action correctly alleged the shares of the owners of the land as they existed and as they were found and confirmed by the judgment of the district court; alleged the names of the persons who were respectively the owners of an interest in the real estate, the subject of the action, who had not been made parties to the case; alleged that Philip I. Johnson, named as a defendant and represented by the petition to be the owner of one-sixteenth of the real estate, had in fact no interest therein; and alleged that the plaintiff was indebted to the owners of the land for rental for the year 1958. The prayer of the answer was that necessary parties be brought into the case; that a judgment of partition be rendered in accordance with the statements of the answer; that an accounting for rents from the land for the year 1958 be had; and that a fee for the attorneys in the case be awarded and apportioned as provided by section 25-21,108, R. R. S. 1943.

Thereafter plaintiff by an amended petition corrected the inaccuracies of the original petition in harmony with the allegations of the answer of the defendant referred to above, and the additional persons who were necessary parties were brought into the case. Plaintiff also, by supplemental petition, offered an account-

ing for rentals from the land for the year 1958 in the sum of $1,351.22. A judgment of partition was rendered in accordance with the answer and the amended petition, a sale of the land was had and confirmed, and the proceeds were ordered distributed.

The district court, upon consideration of the record made in that court, found that the shares confirmed by the court of which the plaintiff had actual or constructive notice were not accurately pleaded in the original petition; that Shirley Gemar, a defendant, filed an answer correctly setting forth the interests; that an amended petition was filed by plaintiff based upon information obtained from the attorney for Shirley Gemar and from other sources; that fees for the attorneys in the action should be determined and divided as provided by the statute; and that the fees for the attorneys were determined to be the sum of $1,000 which should be divided between the attorneys as follows: $875 to Robert G. Simmons, Jr., the attorney for the plaintiff in the case, and $125 to John A. Bottorf, attorney for the defendant Shirley Gemar. The allowance to the attorneys was made a part of the costs in the case.

John A. Bottorf filed a motion for new trial in which he asserted error of the court in failing to divide the attorneys' fees equally between him and Robert G. Simmons, Jr., and that the order of the distribution was contrary to law. The motion was denied and John A. Bottorf has prosecuted this appeal. The amount of the attorneys' fees as awarded by the trial court has not met with objection. The dispute concerns the division of the fees of the attorneys who conducted the proceedings in the case. John A. Bottorf says there should have been an equal division of the fees, one-half to him and one-half to Robert G. Simmons, Jr. The latter contends the district court was required to make an apportionment of the fees between the attorneys in proportion to the value of the professional services rendered

by them respectively, that this is what the court did by the exercise of its discretion, and that the record does not show an abuse of discretion in that regard.

The record indicates that the trial court did not take evidence either as to the amount of the attorneys' fees or the division of them between the attorneys and that it considered and decided these matters upon the record of the case before it. This was permissible practice. In Mabry v. Mudd, 132 Neb. 610, 272 N. W. 574, this court said: "The trial judge was undoubtedly familiar with the professional work required and could not have been materially assisted in arriving at a proper fee by the taking of evidence. In such a case, the trial court has before it the facts necessary upon which to determine the reasonableness of the fee to be fixed." See, also, Johnson v. Emerick, 74 Neb. 303, 104 N. W. 169. What is said in Mabry v. Mudd, *supra*, is applicable to division of the fees after the amount of them had been determined. The transcript sufficiently presents the matters pertinent to the dispute to be resolved. There is no controversy of fact. The appeal has been submitted on the basis that the record is sufficient for the consideration and decision of the very narrow issue which it presents.

The relevant parts of section 25-21,108, R. R. S. 1943, are as follows: "If, in the proceedings in partition, judgment shall be entered directing partition, * * * the court shall, after partition or after the confirmation of the sale and the conveyance by the referee, determine a reasonable amount of fees to be awarded to the attorneys of record in the proceedings * * *. If the shares confirmed by such judgment and the existence of all encumbrances of which the plaintiff had actual or constructive notice were accurately pleaded in the original petition of the plaintiff, such fees for the attorney shall be awarded entirely to the attorney for the plaintiff; otherwise, the court shall order such fees for the attorney to be divided among such of the attorneys

of record in the proceedings as shall have filed pleadings upon which any of the findings in the judgment of partition are based." The district court was, under the circumstances of this case and by virtue of the plain terms of the statute, required, after the confirmation of the sale, to determine a reasonable amount of fees to be awarded to the attorneys of record in the case and to divide it between the attorney for the plaintiff and the attorney for the contesting defendant, each of whom filed pleadings in the case upon which the findings and the judgment of partition were based.

It is argued by John A. Bottorf that the statute leaves to the discretion of the district court the determination of the amount of the fees to be awarded to the attorneys in the case but after that determination is made the statute withholds the exercise of discretion from the trial court and places the mandatory duty upon it to divide equally the amount of the total allowance of compensation among the lawyers who were authors of pleadings upon which the findings were made and the judgment was rendered. He says to "divide" in its plain, ordinary, and popular sense means to separate into two equal parts, and if the Legislature had intended any other method of apportionment than an equal one it would have committed the division to the discretion of the trial court. The dictionary definition of the word "divide" includes "to make partition of among a number; to give out in shares; to apportion." Webster's New Twentieth Century Dictionary, Unabridged (2d Ed.), divide, p. 538. The word "apportion" is defined in this manner: "To divide and assign in just proportion; to divide and distribute proportionally." Webster's New International Dictionary, apportion, p. 110.

Jones v. Holzapfel, 11 Okl. 405, 68 P. 511, says: "We do not understand that the word 'apportion' means that a certain ascertained sum shall be divided equally among certain persons. Apportion is simply, to divide."

Des Moines Joint Stock Land Bank v. Nordholm, 217

Iowa 1319, 253 N. W. 701, states: "According to Webster's New International Dictionary, the word 'distribute' means: 'To divide among several or many.' A synonym for the word 'distribute' is the word 'divide.'" See, also, Excise Board of Tulsa County v. City of Tulsa, 180 Okl. 248, 68 P. 2d 823; Commissioner of Internal Revenue v. Levi, 136 F. 2d 366.

The foregoing is sufficient to convince that the words "divide," "apportion," and "distribute" are synonymous and that the word "divide" does not always or necessarily mean to separate into equal parts. The language of the statute "* * * the court shall * * * determine a reasonable amount of fees to be awarded to the attorneys of record * * *" and "* * * the court shall order such fees for the attorneys to be divided among such of the attorneys of record * * *" indicates convincingly that the Legislature intended that each of the acts of the court, that is, the determination of the amount of fees to be awarded and the division of the total fees among the attorneys, was to be done by the exercise of judicial discretion. This conviction is supported by the title of the act which amended the statute on the subject of fixing and awarding fees in partition cases which includes the language "* * * to provide the method by which the court shall determine and award fees to attorneys of record in such proceedings * * *." Laws 1955, c. 93, p. 271. If the Legislature had intended that the fees awarded should be received by the attorneys in equal parts it would certainly have said just that and would not have required the division to be made by order of the court. It had for many years been the view and determination of this court that it was impossible to lay down a rule as to the allowance of attorneys' fees in partition proceedings that would apply in all cases and that the matter of allowance or apportionment of such fees must be left to the sound judicial discretion of the trial court. Mabry v. Mudd, *supra*. It must be assumed that the Legislature

knew that such was the policy and practice in this state when it made the amendment above mentioned. The language of the statute that "* * * the court shall order such fees for the attorneys to be divided among such of the attorneys of record in the proceedings as shall have filed pleadings upon which any of the findings in the judgment of partition are based," means that the total fees awarded shall be by the court divided by it in the exercise of a sound judicial discretion, fairly and equitably among the attorneys who have participated in the case in the manner described in the statute.

The shares of the real estate involved in the proceeding as confirmed by the judgment of partition and the existence of an encumbrance in the nature of a life estate on a part of the real estate were not accurately pleaded in the original petition of the plaintiff. The answer of a defendant represented by John A. Bottorf was filed in the case and it correctly alleged the shares of the owners of the real estate, the encumbrance on a part of it, the nonpayment of rentals by plaintiff, and the names of persons who were necessary additional parties to the proceedings. The findings and judgment were in harmony with and were based upon the allegations of the answer and an amended petition of plaintiff filed after the answer of defendant was filed. The record shows that John A. Bottorf attended and participated in the hearing of the case on January 26, 1959, when the shares of the owners were found and confirmed and the judgment of partition was rendered and he attended a further hearing of the case on March 16, 1959, when the sale had was confirmed and a distribution of the rentals owing by the plaintiff was made.

The division of the attorneys' fees made by the district court was, under the circumstances of this case, inequitable and an abuse of discretion and it may and should be corrected by this court. Mabry v. Mudd, *supra,* declares: "When the trial court fails to make

a just and equitable allowance of attorney's fees, and such failure amounts to an abuse of judicial discretion, this court will, in a proper proceeding, correct it."

The order of the district court which divided the attorneys' fees herein on the basis of $875 to Robert G. Simmons, Jr., and $125 to John A. Bottorf should be and it is reversed and the cause is remanded with directions to the district court for Banner County to enter an order in the case dividing the attorneys' fees as follows: To Robert G. Simmons, Jr., $650 and to John A. Bottorf $350. Each party should respectively pay the part of the costs incurred in this court by him.

REVERSED AND REMANDED WITH DIRECTIONS.

YEAGER, J., dissenting.

I respectfully dissent from the majority opinion in this case. In doing so I want to point out that I find no fault with any of the legal propositions, as such, announced in the opinion. Furthermore, I find no fault with the determination upon the true and only issue presented by the appeal to this court. My complaint is that the court by majority opinion, after making a proper determination upon the only issue presented, goes ahead and makes determinations upon matters not presented by the appealing party and not presented by anything partaking of the character of a cross-appeal. In truth the appealing party aptly points out by his brief that the power to do what was done in these respects, which incidentally was favorable to him, did not exist.

To present in proper perspective the things which are involved it is pointed out that Robert G. Simmons, Jr., was attorney for the plaintiff. John A. Bottorf was attorney for one of the defendants. The action in the district court was for partition of real estate. The original petition contained certain inaccuracies. In the light of this Bottorf, on behalf of one of the defendants, filed an answer. On the basis of the inaccuracies pointed out by the answer the petition was amended and the

proceeding went through its various steps and the partition was finally concluded.

Thereafter, in an attempted compliance with the provisions of section 25-21,108, R. R. S. 1943, the district court awarded as a fee for the attorneys in the case $1,000. This was apportioned $875 to Simmons and $125 to Bottorf. This statutory provision is as follows:

"If, in the proceedings in partition, judgment shall be entered directing partition, as provided in section 25-2179, the court shall, after partition or after the confirmation of the sale and the conveyance by the referee, determine a reasonable amount of fees to be awarded to the attorneys of record in the proceedings, which amount shall be taxed as costs in the proceedings. If the shares confirmed by such judgment and the existence of all encumbrances of which the plaintiff had actual or constructive notice were accurately pleaded in the original petition of the plaintiff, such fees for the attorney shall be awarded entirely to the attorney for the plaintiff; otherwise, the court shall order such fees for the attorneys to be divided among such of the attorneys of record in the proceedings as shall have filed pleadings upon which any of the findings in the judgment of partition are based. The court shall also determine and tax as costs a reasonable fee for the referee."

From the apportionment Bottorf perfected the appeal herein. His right to do so is not questioned.

The theory of the appealing party is that under the terms of the statutory provision quoted he was entitled to one-half of the total amount allowed by the district court. The court by the majority opinion concludes otherwise and with that conclusion I fully agree. The conclusion depends upon the theory that the statute contemplates that the apportionment is a matter of discretion to be exercised by the district court.

That is where, I submit, the decision of this court should have stopped, the effect of which would have

been to affirm the apportionment made by the district court. Instead, this court, without any basis therefor, proceeded to, and did, determine that the district court abused its discretion in making the apportionment. In furtherance of this it set aside the apportionment and substituted $650 for Simmons and $350 for Bottorf.

It has been asserted herein that the appealing party has asked nothing on the appeal on account of abuse of discretion. This I repeat. It is true that he asserts in his assignments of error "That such Decree is contrary to the evidence," and he re-asserts this in his argument but he asks only that he be awarded one-half of the total allowance.

Even if it be assumed that this court had presented to it the question of whether or not the district court had abused its discretion in the apportionment of the fee, still the adjudication of this court may not be said to be sustained by the record.

It is axiomatic that basic in the allowance of attorney's fees is service performed, and that the major elements to be considered are amount, character, and quality. It is of course true that no fair and full appraisal in these areas may be made in the absence of full knowledge of the facts. A sound discretion may not be exercised in the absence of a knowledge of the facts. A necessary corollary is that on review unless there is a knowledge of the facts a reviewing court is without any basis for a determination that discretion has been abused.

Another axiomatic rule is that in a case where a reviewing court is asked to review the discretionary action of a trial court and there is no record which discloses an abuse, the presumption obtains that there was no abuse, by which presumption the reviewing court is bound.

In this case there is no record which discloses in any real measure or sense the amount, character, and quality of service performed by these two attorneys.

All that this court has before it is that which is disclosed by the transcript prepared by the clerk of the district court. There is no bill of exceptions. This transcript is proper to be considered for what it contains, but of course, as every lawyer and those who preside over the courts know, this cannot be presumed to represent the amount and character of the service performed.

It follows that by the majority opinion this court has discarded the presumption that the discretion of the district court may not be disturbed on review in the absence of a sufficient showing that it was abused. Further, without any justification it has set aside the adjudication as to the apportionment of fees, which is based upon a presumptively sound discretion, and substituted without any basis therefor an arbitrary apportionment.

It has been urged that knowledge of the surrounding extrinsic facts is not necessary to the determination of a proper apportionment since the statutory provision designates the facts which shall be considered in making the apportionment. This contention is without merit. Nothing of that character appears in or is inferable from the provision. The statute provides (1) for the allowance of attorneys' fees and the amount thereof; (2) the conditions under which the attorney for plaintiff shall be entitled to the entire fee; (3) the conditions requiring a division between or among attorneys; and (4) the description of attorneys between or among whom a division shall be made in case the entire fee shall not go to the plaintiff's attorney.

The adjudication of the district court fixing the amount of the fee and in making the apportionment thereof should have been affirmed.