197     645
f 34 SC 2629

# Walker *v.* Edmonds.

*Taxation—School law—Directory provision in statute as to time—Acts of May 8, 1854, P. L. 618, secs. 28, 30 and 33, and April 22, 1863, P. L. 523.*

The common school act of May 8, 1854, secs. 28, 30 and 33, as amended by the act of April 22, 1863, providing that the school tax shall be levied before the first day of July, is merely directory as to the time within which the tax shall be levied, and not mandatory.

Where action is required to be taken within a certain time, the mere failure of a public officer or of a public body to act within the set time is not fatal, and the requirement as to time may be held to be directory.

*Taxation—School tax—Special tax—Act of May 8, 1854, sec. 33.*

In a bill in equity to restrain the collection of a building tax of eight mills, purporting to have been levied upon July 22, 1897, by a board of school directors, it appeared that the minutes of the board under the date of June 19, 1897, showed these words: "That we levy two mills in addition to our present millage which shall be designated as 'the high school building and ground tax.'" There was nothing else in the minutes to show a levy of assessment for ordinary purposes, and the two mill assessment for the high school tax was afterwards abandoned. On July 22, 1897, an attempt was made to amend the minutes of June 19, so as to make the resolution read as follows: "That we levy two mills in addition to our present millage, eight mills for ordinary school purposes, which shall be designated as the high school building and ground tax," etc. The same minutes showed these words: "In addition to the eight mills levied for ordinary school purposes we levy a building tax of eight mills for the current year." The minutes showed no other reference to a regular annual tax, and no extraneous evidence was offered that such a tax was actually levied. *Held,* (1) that the above extracts from the minutes did not show any levy of the regular annual tax; (2) that as the extent of a special tax in any year is limited by the act of assembly to an amount not exceeding the regular annual tax for such year, it necessarily follows that if no regular annual tax be levied, then any attempt to levy a special tax must fail, as such tax in any amount would be in excess of the regular levy; (3) that the collection of the eight mills building tax should be restrained.

Argued Oct. 16, 1900. Appeal, No. 112, Oct. T., 1900, by defendants, from decree of C. P. Butler Co., Sept. T., 1897, No. 6, on bill in equity in case of Daniel Walker et al. v. Andrew Edmonds et al., directors of Parker Township School District. Before McCollum, C. J., Mitchell, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Bill in equity for an injunction to restrain the collection of a school building tax.

From the record it appeared that the complainant claimed, first, that the tax was illegal because it was not levied before July 1, 1897, and, second, that as there has been no levy of a regular annual tax, the building tax levied on July 22, 1897, was invalid. The only references to any regular annual tax were in the minutes of the school board of Parker township, under the dates of June 19, 1897, and July 22, 1897. The minutes of June 19, 1897, after authorizing the issue of bonds proceeded as follows : "And in order to provide for principal and interest on said bonds as they become due, that we levy two (2) mills in addition to our present millage, which shall be designated as the high school building and ground tax," etc. The minute of July 22, 1897, was as follows :

Moved by Edmonds and seconded by Twaddle that the clerk be instructed to add to the minutes of June 19, 1897, after the words, "Our present millage," the words, to wit: Eight mills for ordinary school purposes, the omission of which words from said minutes was a clerical error. Vote taken. For: Heiner, Vogt, Twaddle, Hoover and Edmonds. Against: Allen.

Moved by Vogt and seconded by Twaddle that in addition to the eight mills levied for ordinary school purposes, we levy a building tax of eight mills for the current year. Vote taken. For: Vogt, Hoover, Twaddle, Heiner and Edmonds. Against: T. H. Allen.

There was nothing else on the minutes to show the levy of a regular annual tax, nor was there any extraneous evidence offered to prove that such a tax had been levied.

The court entered an injunction order in accordance with the prayer of the bill.

*Error assigned* was the decree of the court.

*T. C. Campbell* and *S. F. Bowser*, with them *W. D. Brandon*, for appellants.—The statute was directory only as to time: Gearhart v. Dixon, 1 Pa. 224 ; McElhiney v. Com., 22 Pa. 367 ; Big Black Creek Improvement Co. v. Com., 94 Pa. 455 ; Parvin v. Wimberg, 130 Ind. 561.

Where the directions of a statute are given with a view to the proper, orderly and prompt conduct of business merely, the provision may be regarded as directory: Heisey v. Risser,

3 Pa. Superior Ct. 196; Cooley on Const. Lim. 77; Com. v. Griest, 196 Pa. 416; Endlich on the Interpretation of Statutes, sec. 436.

Statutes imposing public duties and fixing time of performance are generally directory: Little Beaver Township School Directors' Election, 165 Pa. 233.

The minutes of the board of June 19, 1897, as amended July 22, 1897, read: " Resolved, that we levy two (2) mills in addition to our present millage, viz: eight mills for ordinary school purposes, which shall be designated as 'the high school building and ground tax,'" etc. This was certainly a levy of eight mills for ordinary school purposes.

*John M. Thompson*, with him *E. L. Ralston, John B. Greer* and *W. C. Thompson*, for appellees.—The case of Com. v. Griest, 196 Pa. 416, rules this case.

OPINION BY MR. JUSTICE POTTER, January 7, 1901:

Certain citizens and taxpayers of the Parker township school district of Butler county, Pa., filed a bill in equity on August 16, 1897, alleging that a building tax of eight mills purporting to have been levied on July 22, 1897, by the board of school directors of said district, was illegal, and praying for an injunction restraining its collection.

An injunction was granted and a decree was entered upon June 4, 1900, adjudging that the school directors of Parker township be perpetually restrained from collecting the eight mill building tax, purporting to be levied on July 22, 1897.

The court below reached the conclusion that no regular tax had been levied by the school board for the year 1897, and that the minutes of the board of school directors of the township contained no record of a levy of a regular annual tax for the year 1897 for ordinary school purposes.

The court also ruled that as the act of assembly required that the determination of the amount to be levied, and the levy itself, should be made by the school directors before July 1; a strict compliance with its requirements in this respect was necessary, and without it there could be no legal assessment of school tax.

The act is clearly not mandatory, but only directory in this respect, and if the only question were as to whether or not the

levy had been made at the proper time, we would have no difficulty in sustaining it. Where action is required to be taken within a certain time, the mere failure of an officer or of a body to act within the set time is not fatal, and the requirement as to time may be held to be directory. This is in accordance with the ruling in Gearhart v. Dixon, 1 Pa. 228. In that case the school directors were required to levy the tax on or before the first Monday in May. This court said, in that connection, " The act of assembly is directory as to the time, and if by accident or from any other cause, this duty was omitted, it could be performed in any reasonable time thereafter." See also Com. v. Griest, 196 Pa. 416, and cases therein cited.

In the statute under consideration there were no negative words, and the general rule is, that when such a provision in regard to the time when an act is to be performed is introduced, unless there are negative words in the statute providing that the action shall not be taken afterwards, such a provision is to be taken as directory.

The real difficulty in this case is, that it does not appear that the regular tax was levied at all, for the pending year; and under the provisions of the 33d section of the act of assembly of May 8, 1854, the board of directors are prohibited from levying a special tax exceeding the amount of the regular annual tax for such year. The minutes of the proceedings of the board of school directors of the township show no levy or assessment for ordinary school purposes during the current year. In the language of the court below "no such levy was made on June 19, 1897, neither was it made on July 22, following or any other time."

The minutes of the board of directors of a meeting on June 19, 1897, show these words, " That we levy two (2) mills in addition to our present millage, which shall be designated as ' the high school building and ground tax,' " etc., but there was nothing else in the minutes to show a levy or assessment for ordinary purposes, and the assessment of a high school tax of two mills was afterwards abandoned by the directors. But on July 22, an attempt was made to amend the minutes of June 19, so as to make the resolution read as follows : " That we levy two mills in addition to our present millage, eight mills for ordinary school purposes, which shall be designated as the high

school building and ground tax," etc. We think the court below was right in holding that this is not a minute of a levy of a regular annual tax for such year, but is only a reference indicating that such action may have been taken at some other time and place; but nowhere in the minutes is there anything to show that such levy was actually made for the year 1897.

The minutes are not the only evidence as to the action of the board, and their failure to show the facts, if such were the case, might be shown by other competent evidence; but no evidence appears to have been offered except the record, to prove that a levy had been made.

As the extent of a special tax in any year, is limited by the act of assembly to an amount not exceeding the regular annual tax for such year, it necessarily follows that if no regular annual tax be levied, then any attempt to levy a special tax must fail, as such tax in any amount would be in excess of the regular levy.

The decree of the court below is affirmed and the appeal dismissed at the cost of the appellants.