## Fun Bowl v. Northeastern School District

*Robert J. Brown*, for plaintiff.
*Budding & Yost*, for defendant.

ATKINS, J., December 22, 1958.—The record in this case consists of a complaint in equity, preliminary objections and an answer to the complaint on the

merits, and a motion by plaintiff for judgment on the pleadings. The record contains information from which we make the following

### Findings of Fact

1. On May 15, May 22 and May 29, 1958, the school district advertised in a newspaper of general circulation its intention to adopt a resolution imposing a five percent tax upon admissions to amusements conducted within the Northeastern School District.

2. On June 9, 1958, defendant school district adopted a resolution imposing a five percent tax on the admission charged or paid to certain amusements as defined in the resolution.

3. The advertisement stated that: "Notice is hereby given pursuant to the authority granted to school districts of the Fourth Class of the Commonwealth of Pennsylvania by the Act of the General Assembly, approved June 25, 1947, P. L. 1145, as amended, a Board of Directors of said School District intends to adopt a resolution" providing for the imposition of an amusement tax.

4. The last section of the resolution provides that it shall become effective July 1, 1958.

5. The resolution contains no provision limiting the period of time for which the tax is imposed but on its face purports to impose a permanent tax.

6. An exemption from the tax is granted by the resolution for admissions sold to persons under the age of 12 years.

7. By its terms, the resolution defines "bowling" as a type of amusement that is made subject to the tax provided therein.

8. The resolution contains no statement that it is being enacted under the authority of the Act of June 25, 1947, P. L. 1145, and its amendments, nor does it make any reference to said act of assembly.

9. The Northeastern School District is a third class school district.

10. Plaintiff, Fun Bowl, Inc., is a corporation engaged in the operation of a bowling alley within the territorial limits of the school district for the use of which charges are made by plaintiff.

## Discussion

Plaintiff in its motion for judgment on the pleadings assigns nine objections to the resolution, and on the basis of these objections contends that the resolution is invalid and that the enforcement of it should therefore be enjoined. These objections are as follows:

1. The tax was not adopted during the period other school taxes are required by law to be levied and assessed.

2. The tax becomes effective within a period of less than 30 days from the date of its adoption.

3. The resolution does not state that it is enacted under the authority of the Act of June 25, 1947, P. L. 1145.

4. The resolution is invalid in that it imposes a tax for a period of more than one year.

5. The resolution is invalid because the exemptions of admissions sold to persons under 12 years of age constitutes discrimination.

6. That the heading of the resolution fails to give notice that the resolution contains definitions of terms.

7. That the resolution is unconstitutional in that it empowers the collector to suspend an amusement permit without hearing.

8. The plaintiff cannot be made subject to the tax because as a corporation it pays a corporate net income tax to the Commonwealth.

9. Defendant advertised its intention to adopt the said resolution as a fourth class school district, whereas defendant is in fact a third class school district.

Section 1 of the Act of June 25, 1947, P. L. 1145, 53 PS §6851, as amended, provides:

"Every ordinance or resolution which imposes a tax under the authority of this act shall impose such tax for one year only and shall be passed or adopted, if for a school district, during the period other school taxes are required by law to be levied and assessed by such district."

The Public School Code of March 10, 1949, P. L. 30, sec. 672, as amended, 24 PS §6-672, provides as follows:

"(a) In all school districts of the second, third, and fourth class, all school taxes shall be levied and assessed by the board of school directors therein, during the month of February or March or April or May each year, for the ensuing fiscal year. . . ."

Since the resolution in question was not adopted until June 9, 1958, it obviously was not adopted during the period provided in the school code. Defendant relies on decisions of the appellate courts which have held that this requirement as to time is directory and not mandatory. A leading case on this question is Walker v. Edmonds, 197 Pa. 645 (1901).

At least one lower court, in Ryan Township School District Amusement Tax, 7 D. & C. 2d 199 (1955), has held that a tax imposed under the Act of 1947 is in a different category from the regular school tax authorized under the school code and that the provision of the Act of 1947, supra, is a mandatory one and that there must be strict compliance with the requirement as to the time of adoption of the resolution imposing the tax.

With respect to the objection of plaintiff to the failure of the resolution to contain a reference to the Act of 1947 or that it is adopted pursuant to the authority contained in that act, the Superior Court in Pleasant Hills Borough v. Carroll, 182 Pa. Superior Ct. 102

(1956), held that a statement in the advertisement of intention to adopt an ordinance imposing a tax under the Act of 1947 was substantial compliance with the act and that the failure to make such statement again in the ordinance did not nullify the ordinance. It will be noted that in the cases where the appellate courts have held that requirements as to time and as to the inclusion in the advertisement and in the ordinance of a statement that the action was being taken pursuant to the Act of 1947 were directory rather than mandatory, the resolutions or ordinances in those cases contain no other objectionable features.

In this case, however, in addition to these two features, there are several others, namely, that the ordinance by its terms became effective less than 30 days from the date of its passage, that it purports to impose a permanent tax rather than one that is limited to a period of one year and that the advertisement indicates that defendant school district is a school district of the fourth class rather than of the third class, thus making at least five instances wherein there was failure to comply with the procedural requirements provided in the Act of 1947.

In the Pleasant Hills Borough case, supra, although the ordinance in question was upheld, Judge Woodside, in the majority opinion, said:

"To hold that a provision is directory rather than mandatory does not mean that it is optional—to be ignored at will. Both mandatory and directory provisions of the legislature are meant to be followed. It is only in the *effect* of noncompliance that a distinction arises. A provision is mandatory when failure to follow it renders the proceedings to which it relates illegal and void; it is directory when the failure to follow it does not invalidate the proceedings."

The instant case, as heretofore pointed out, presents numerous failures to comply with the act and to hold

that a resolution adopted in violation of so many provisions of the act is valid would, in effect, constitute ignoring the provisions of the Act of 1947. In the advertisement it is stated very clearly that it is the intention of the school district to adopt a resolution under authority granted to school districts of the fourth class. A resident of the school district reading that advertisement with knowledge of the fact the district is a third class district would immediately reach the conclusion that the advertisement must be referring to some other district.

We do not feel it is necessary to discuss all of the other objections raised by plaintiff against the resolution, except to say that we do not feel objections 5, 6 and 8 constitute valid objections. We do not feel it necessary at this time to express an opinion as to the seventh objection. We therefore reach the following

### Conclusions of Law

1. The procedure followed by the Northeastern School District of York County, in the adoption of a resolution of July 9, 1958, imposing an amusement tax, is not in compliance with the provisions of the Act of June 25, 1947, P. L. 1145.

2. The resolution said school district adopted July 9, 1958, imposing an amusement tax, is invalid and its enforcement should be enjoined.

The following decree nisi is, accordingly, entered

And now, to wit, December 22, 1958, at 10 a. m., it is ordered, adjudged and decreed that the resolution of the Northeastern School District of York County, adopted on July 9, 1958, purporting to impose an amusement tax within the territorial limits of said school district, is invalid by reason of the failure of the school district to comply with the provisions of the Act of June 25, 1947, P. L. 1145, and its amendments, regarding the procedures to be followed in the adoption

of said resolution, and defendant school district be and is hereby enjoined from collecting the tax purported to be imposed by said resolution or in any way enforcing its provisions; in the absence of the filing of objections to this decree nisi within a period of 20 days hereof, the prothonotary is directed to enter this decree nisi as the final decree of the court, upon the filing of an appropriate praecipe under the Pennsylvania Rules of Civil Procedure.